**Donald Ray SCEIFERS, Sr., Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 22A04–9505–PC–186.**

Court of Appeals of Indiana.

April 16, 1996.

Eric K. Koselke, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Petitioner–Appellant, Donald Sceifers ("Sceifers"), appeals from the denial of his Petition for Permission to File a Belated Motion to Correct Errors (MCE). We affirm.

### Issue

Sceifers presents two issues for our review; however, the following issue is dispositive: whether Sceifers' Petition to File a Belated MCE was permitted under P–C.R.(2) to appeal the trial court's denial of Sceifers' previous Petition for Post–Conviction Relief.

### Facts and Procedural History

In 1975, Sceifers was found guilty of Voluntary Manslaughter and Second–Degree Murder. He was sentenced to serve two-to-twenty-one years and life, respectively. His conviction and sentence was affirmed on direct appeal. In October, 1983, Sceifers filed a Petition for Post–Conviction Relief, which, after hearing, was denied in November, 1990. In March, 1994, Sceifers filed a Verified Petition for Permission to File a Belated Motion to Correct Errors, relating to the denial of his Petition for Post–Conviction Relief. After a hearing on that Verified Petition, the trial court denied Sceifers permission to file the belated motion. Sceifers appeals the denial of that petition.

### Discussion and Decision

Sceifers asserted two issues relating to his Petition for Post–Conviction Relief: (1) that he was diligent in pursuing an appeal from the denial of his Petition for Post–Conviction Relief; and, (2) that the trial court erred in failing to admit certain letters to his post-conviction attorney which supported Sceifers' assertion of diligence. Those issues formed the basis of his Petition for Permission to File a Belated Motion to Correct Errors. Sceifers based his Petition to File a Belated Motion to Correct Errors on P–C.R. 2(2), which states in relevant part:

> Any defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a belated motion to correct error addressing the conviction, where:
>
> (a) no timely and adequate motion to correct error was filed for the defendant;
>
> (b) the failure to file a timely motion to correct error was not due to the fault of the defendant; and
>
> (c) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule.

The rule clearly applies to motions to correct errors relating to matters on the direct appeal. It is not applicable to belated motions to correct errors relating to matters at the post-conviction stage. Our supreme court was faced with similar facts when a petitioner seeking post-conviction relief sought a petition to file a belated praecipe relating to his post-conviction proceeding under P–C.R. 2(1). *Howard v. State*, 653

N.E.2d 1389 (Ind.1995). The Court held that the rule applied only to belated direct appeals, and not to belated post-conviction appeals. The language in the first paragraph of Section 1, which explains when the rule may be invoked, is identical to the language in Section 2, except that "belated motion to correct error" is used instead of "belated praecipe". It is clear from the language of the rule and from our supreme court's interpretation that the entire P–C.R. 2 applies only to matters on direct appeal. Accordingly, the trial court properly denied Sceifers' Petition to File a Belated Motion to Correct Error.

Affirmed.

DARDEN and BARTEAU, JJ., concur.