116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bradford L. DRAKE, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 95-4053.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1997.*
Decided June 4, 1997.
 
 Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. No. IP 95-1094-C-D/F; S. Hugh Dillin, Judge.
 
 ORDER
 
 1
 In 1988, Bradford L. Drake pleaded guilty in an Indiana state court to two counts of attempted murder, and was sentenced to two consecutive thirty-year terms. He did not file a direct appeal; he did file a petition for post-conviction relief. The trial court denied this petition.
 
 
 2
 Drake began a pro se appeal of this denial to the Indiana Court of Appeals (No. 55A04-9306-PC-222). His attempts to file the record of post-conviction proceedings were rejected as deficient and sent back for corrections by the Clerk of the Court of Appeals. In November 1993, the court granted the state's motion to dismiss the appeal due to the inadequate record filed by Drake. Drake's petition for transfer to the Supreme Court of Indiana was denied.
 
 
 3
 In February 1994, Drake filed his initial petition for habeas corpus in a federal district court for the Northern District of Indiana (No. 3:94-CV-131 AS). In August 1994, the district court dismissed the petition without prejudice for failure to exhaust state court remedies. The district court concluded that Drake still had an available state remedy--a belated appeal--under Indiana Post-Conviction Rule 2(3) ("Ind.P.-C. R. 2(3)"). Drake attempted to appeal the district court's decision, but this court dismissed the appeal in April 1996 due to the untimeliness of the notice of appeal (No. 95-2801).
 
 
 4
 On August 12, 1994 (ten days after the district court dismissed the habeas petition), Drake filed a petition in the Court of Appeals of Indiana, seeking permission to file a belated appeal (No. 55A01-9408-PC-268).[1] On August 24, 1994, he received an extension of time to file the record until September 23, 1994. The latter date came and went without action by Drake. Accordingly, in December 1994, the court dismissed his appeal. It subsequently denied his petition for rehearing.
 
 
 5
 Finally, Drake filed the instant habeas petition in federal district court for the Southern District of Indiana in August 1995.[2] The petition claimed a variety of constitutional violations, at least some of which he indicated had been presented in his state post-conviction petition and attempted appeals (e.g., ineffective assistance of counsel, prosecutorial misconduct). The state responded that Drake had both failed to exhaust his state remedies and procedurally defaulted his claims by not presenting them to the state appellate courts. The state also submitted exhibits showing the procedural history of Drake's attempts to challenge his conviction.
 
 
 6
 The district court did not address the state's argument that Drake procedurally defaulted his claims. Instead, it determined that, as with the initial habeas petition, this habeas petition must be dismissed without prejudice for failure to exhaust state remedies. Judgment was entered, and Drake appeals.
 
 
 7
 The only state court remedy conceivably open to Drake at this point is a belated appeal pursuant to Ind. P.-C. R. 2(3). The Supreme Court of Indiana has explained that amendments to Ind. P.-C. R. 2, applicable to petitions filed after January 1, 1994, have made the rule "the vehicle for belated direct appeals alone" and not for appeals from the denial of post-conviction petitions. Howard v. State, 653 N.E.2d 1389, 1390 (Ind.1995); see also Sceifers v. State, 663 N.E.2d 1191, 1192-93 (Ind.Ct.App.1996). Thus Drake can no longer appeal the denial of his post-conviction petition, and could not have done so in 1994.
 
 
 8
 According to Drake, he was actually attempting to file a belated direct appeal, as opposed to a belated appeal of the denial of post-conviction relief. Drake alleges that the state prevented him from pursuing this belated appeal by refusing to provide him with the copy of the transcript of his post-conviction hearing which he submitted in his previous appeal. Yet, by his own admissions in a letter to the Clerk of the Court of Appeals of Indiana, he possessed a copy of the transcript from August 15 to September 23, 1994. Although he had a month to comply with the state court's requirement that he submit a proper record, he did not do so. Instead, he sent his copy of the transcript to the federal district court. This is in no way the state's fault; rather, the blame must rest with Drake. Because "the failure to perfect the appeal" was "due to the fault of the defendant," a belated direct appeal is not open to Drake. Ind. P.-C. R. 2(3)(b).
 
 
 9
 In sum, then, no state remedies are available to Drake. We must therefore vacate the dismissal of the habeas petition without prejudice, and remand for further proceedings. We express no opinion on whether Drake procedurally defaulted any or all of the claims in his habeas petition.
 
 
 10
 For the foregoing reasons, the judgment is VACATED and REMANDED for further proceedings.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 It is not clear from the record whether Drake was attempting to file a belated direct appeal or a belated appeal from the denial of his post-conviction petition. Drake indicates in his habeas petition and his appellate reply brief that he was seeking to file a belated direct appeal. The state's position both in the district court and in this court is that Drake was trying to file a belated appeal from the denial of the post-conviction petition
 
 
 [2]
 As noted earlier, Drake filed his initial habeas petition in the Northern District of Indiana, where he is incarcerated. The Southern District of Indiana had jurisdiction to entertain the present habeas petition because Drake was convicted and sentenced in Morgan County, which is within the boundaries of the Southern District of Indiana. 28 U.S.C. § 2241(d)