**Michael D. GREER, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

**No. 57S03–9610–CR–653.**

Supreme Court of Indiana.

Oct. 16, 1997.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

This case addresses whether the Court of Appeals has subject matter jurisdiction over a belated appeal from a trial court's denial of credit time following revocation of probation. We hold that it does not.

### Background

In September of 1991, the trial court convicted defendant, Michael D. Greer ("Greer"), of two counts of Child Molesting, a class C felony under Ind.Code § 35–42–4–3(c)(1988), and sentenced Greer to two concurrent eight year terms. The Court of Appeals affirmed Greer's convictions. *Greer v. State,* 669 N.E.2d 751 (Ind.Ct.App.1996).

On October 4, 1993, the trial court issued an order granting Greer's Petition for Modification of Sentence, suspending the remainder of Greer's sentence, and placing him on probation/house arrest. On April 29, 1994, acting on its own motion, the trial court modified Greer's sentence, placing him on work release in the custody of a community corrections program for the remainder of his sentence. In May of that year, Greer's probation officer reported that Greer had violated the terms of his probation and work release by consuming alcohol. After a hearing on May 24, 1994, the trial court revoked Greer's probation and reinstated the suspended portion of his sentence.

Later that year, Greer again petitioned the trial court for sentence modification. On October 13, 1994, the trial court granted Greer's petition by suspending the remainder of his sentence and placing him on probation with the condition of home detention. On January 6, 1995, Greer's probation officer filed a probation violation report stating that (1) Greer had consumed alcohol in violation of the terms of his probation and (2) Greer's father, with whom Greer resided as a term of his home detention, no longer wanted Greer in the home. The trial court held an evidentiary hearing on March 7, 1995, and found that Greer had violated the terms of his probation.

The trial court then revoked Greer's probation and ordered him to serve the remain-

der of his sentence at the Indiana Department of Correction. Greer filed a *pro se* motion for credit time for the time he spent on home detention from October 5, 1993, through April 29, 1994, and from October 13, 1994, through January 6, 1995. On March 14, 1995, the trial court denied Greer's motion. Greer did not file a timely praecipe. On June 12, 1995, Greer filed, and the trial court granted, a petition for permission to file a belated praecipe to appeal the trial court's denial of credit time.

In its appellate brief filed in response to Greer's brief, the State for the first time raised the issue of whether the Court of Appeals had jurisdiction to entertain Greer's appeal. The Court of Appeals held that by waiting until filing its appellate brief to object to Greer's filing of a belated praecipe, the State waived its right to challenge the court's jurisdiction. However, the Court of Appeals went on to decide the issues raised by Greer against him on the merits.

Greer petitioned this Court to transfer and on October 15, 1996, we granted transfer.

### Discussion

■ Upon transfer, this Court has jurisdiction over all issues in an appeal as though originally filed in this court. Ind. Appellate Rule 11(B)(3). Occasionally, we will decide an issue not raised in the petition to transfer contrary to the result reached by the Court of Appeals. *See Savage v. State,* 655 N.E.2d 1223, 1224 (1995); *Kimberlin v. DeLong,* 637 N.E.2d 121, 123 (1994), *cert. denied,* — U.S. ——, 116 S.Ct. 98, 133 L.Ed.2d 53 (1995). *See also Lingler v. State,* 644 N.E.2d 131 (Ind.1994). Such is the case here where we conclude that the Court of Appeals erred in holding that the State waived its right to challenge jurisdiction by failing to object to Greer's belated praecipe prior to filing its appellate brief.

### I

■ The State contends that the trial court lacked authority to grant Greer permission to file a belated praecipe because Indiana's Rules of Procedure for Post–Conviction Remedies allow the trial court to permit a belated praecipe only for direct appeal of a conviction and, therefore, that the Court of Appeals lacked jurisdiction to hear Greer's appeal. We agree.

Under the Indiana Rules of Appellate Procedure, a party initiates an appeal by filing a praecipe in the trial court within thirty days of a final judgment or an appealable final order. Ind.Appellate Rule 2(A). Failure to file the praecipe within thirty days results in forfeiture of the right to appeal. *Id.* However, we have granted leave under the rules governing post-conviction relief from criminal convictions for belated praecipes to be filed in limited circumstances. Ind.Post–Conviction Rule 2(1).

Prior to 1994, P–C.R. 2(1) provided that a defendant convicted after a trial or plea of guilty could petition the trial court for permission to file a belated praecipe. P–C.R. 2(1), Indiana Rules of Court 1993. This provision was subject to the construction that it covered all proceedings of a criminal nature, not just direct appeals. As of January 1, 1994, P–C.R. 2(1) was amended to read: "Where a defendant convicted after a trial or plea of guilty fails to file a timely praecipe, a petition for permission to file a belated praecipe *for appeal of the conviction* may be filed with the trial court...." P–C.R. 2(1), Indiana Rules of Court 1994 (emphasis added).

The 1994 amendments transformed P–C.R. 2(1) into a "vehicle for belated direct appeals alone." *Howard v. State,* 653 N.E.2d 1389, 1390 (Ind.1995). As such, P–C.R. 2(1) provides a method for seeking permission for belated consideration of appeals addressing conviction, but does not permit belated consideration of appeals of other post-judgment petitions. *Howard,* 653 N.E.2d at 1390. Here, Greer was not appealing his conviction; in fact, he had already exercised his right to appeal his conviction, which was affirmed. Instead, Greer was appealing the trial court's denial of credit time following revocation of his probation, which is outside the purview of P–C.R. 2(1). *Id.* The trial court erroneously permitted Greer to file a belated praecipe.

### II

The Court of Appeals held that the State waived its right to challenge that court's

jurisdiction by not objecting to Greer's belated praecipe at an earlier opportunity. In its opinion, the Court of Appeals relied heavily on *Byrd v. State,* 592 N.E.2d 690 (Ind.1992).

This Court historically has treated the failure to file a timely praecipe as a jurisdictional defect, necessitating dismissal of the appeal. *Claywell v. Review Bd.,* 643 N.E.2d 330 (Ind.1994);[1] *Davis v. Pelley,* 230 Ind. 248, 102 N.E.2d 910 (1952); *Vail v. Page,* 175 Ind. 126, 93 N.E. 705 (1911). In *Byrd,* this Court held that the State waived its right to object to defendant's appeal by failing to do so at numerous earlier opportunities. Byrd had been tried and convicted in his absence and sentenced to nineteen years in prison. Thirty months after his conviction, Byrd returned to Indiana and began serving his sentence. At that time, Byrd filed a praecipe to appeal his conviction, which the trial court accepted as a belated praecipe. The State did not object. One day before its appellate brief was due, the State moved to dismiss Byrd's appeal on three grounds: (1) Byrd had fled Indiana during the period in which timely to appeal his conviction; (2) Byrd did not file a timely motion to correct errors; and (3) Byrd did not file a petition to proceed in a belated manner pursuant to P–C.R. 2(1). *Byrd,* 592 N.E.2d at 691.

Although similar to the case at hand, *Byrd* was a direct appeal from a criminal conviction. Under P–C.R. 2(1), both as it existed in *Byrd* (and as it exists today), the trial court has authority to grant permission to file a belated praecipe with respect to the direct appeal from a criminal conviction if the defendant satisfies the two prongs of the rule: (1) failure to file a timely praecipe was not the defendant's fault; and (2) defendant had been diligent in requesting permission to file a belated praecipe.

■ By following the procedure outlined in the prior version of P–C.R. 2(1), an appellant from a criminal conviction could (and still can), and an appellant from an adverse determination in other proceedings of a criminal nature arguably could (but now cannot), invoke the jurisdiction of the trial court over his or her particular case. *See Sanders v. Carson,* 645 N.E.2d 1141, 1145 (Ind.Ct.App. 1995) ("Jurisdiction of a particular case refers to the right, authority, and power to hear and determine a specific case within that class of cases over which a court has subject matter jurisdiction.") *See also Harp v. Ind. Dep't Of Highways,* 585 N.E.2d 652, 659 (Ind.Ct.App.1992); *Behme v. Behme,* 519 N.E.2d 578, 582 (Ind.Ct.App.1988). Jurisdiction over a particular case is waived if not raised in a timely fashion. *Harp,* 585 N.E.2d at 659; *Behme,* 519 N.E.2d at 582. Byrd, by fleeing Indiana and not returning for thirty months, was at fault in not filing a timely praecipe for appeal. It was therefore arguable that he failed properly to invoke the trial court's jurisdiction over his case. However, the State did not challenge Byrd's appeal until the day before its appellate brief was due, when it objected on the ground that he failed to file a petition to proceed in a belated manner pursuant to P–C.R. 2(1). Because this issue involved the trial court's jurisdiction over Byrd's particular case, this Court correctly held that the State waived its right to object to Byrd's appeal by failing to do so earlier.

■ While we reaffirm our holding in *Byrd,* we find it inapplicable to Greer's situation, which differs in that Greer (unlike Byrd) was not entitled to file a belated praecipe. P–C.R. 2(1), as amended in 1994, removes the trial court's jurisdiction to permit belated praecipes to be filed in other than direct appeals of convictions. *Howard,* 653 N.E.2d at 1390. Furthermore, P–C.R. 2(1) removes the subject matter of other than direct appeals from the jurisdiction of the Court of Appeals, unless such appeals or petitions are brought pursuant to a timely praecipe. *Id.* Subject matter jurisdiction never can be waived, and can be raised at any step in the appeal process. *Wolfe v. Tuthill Corp.,* 532 N.E.2d 1, 2 (Ind.1988); *Gordy v. State,* 262 Ind. 275, 282, 315 N.E.2d 362, 366 (1974); *Wedmore v. State,* 233 Ind. 545, 549, 122 N.E.2d 1, 3 (1954). The Court of Appeals erred in holding that the State

---

1. In *Claywell,* this Court held (in a context slightly different from Greer's) that such a jurisdictional defect cannot be waived. *Claywell v. Review Bd.,* 643 N.E.2d 330, 331 n. 2 (Ind.1994) (party granted extension of time not precluded from addressing jurisdictional failure).

waived its right to challenge that court's jurisdiction over Greer's appeal by not doing so prior to filing its appellate brief.

In his concurrence to the Court of Appeals' opinion, Judge Sullivan points to what he describes as an apparent conflict between our holdings in *Byrd* and *Claywell*. He reconciles this conflict by concluding that *Claywell* involved subject matter jurisdiction (which can never be waived), while *Byrd* involved jurisdiction over a particular case (which is waivable if not raised at the earliest possible opportunity). This is correct. As discussed *supra*, Greer's case involves subject matter jurisdiction, and is therefore resolved under the *Claywell* holding. *Byrd* does not apply here because it involved satisfying procedural requirements to invoke a court's jurisdiction over a particular case, not a court's jurisdiction over the subject matter of an appeal.

### III

■ Alternatively, Greer argues in his Brief in Opposition to State's Petition to Transfer that the Due Process Clause of the Fourteenth Amendment of the United States Constitution applies to probation revocation proceedings. Def.'s Br. Opp'n Transfer at 11. Due process rights include the right to appeal, and Greer claims in his Brief, without authority, that Indiana law historically has treated appeals from probation revocation as direct appeals from conviction.

The United States Supreme Court recently addressed a similar issue in *Young v. Harper*, — U.S. ——, 117 S.Ct. 1148, 137 L.Ed.2d 270 (1997). The defendant in *Young* participated in a preparole program as part of a statewide plan to reduce prison overcrowding. Several months into the preparole program, the governor summarily denied defendant's parole and returned him to prison. The Supreme Court held that the preparole program in that case was indistinguishable from a traditional parole program, and that preparole participants deserve the same due process rights as the Court had previously

set forth for parole participants in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).[2]

For purposes of due process analysis, the United States Supreme Court has equated probation revocation proceedings with parole proceedings. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). A probationer, like a parolee, is entitled to preliminary and final hearings before probation is revoked, and in limited circumstances, counsel must be provided. *Gagnon*, 411 U.S. at 790, 93 S.Ct. at 1763–64.

On March 7, 1995, Greer received a probation revocation hearing at which the trial court determined that Greer had violated the terms of his probation and consequently revoked his probation and denied his request for credit time. Greer was represented by counsel at this hearing. On these facts, Greer's due process rights under *Gagnon* and *Morrissey* were satisfied. Greer was not summarily denied all due process rights as was the defendant in *Young*, who did not receive even a preliminary hearing before the governor summarily denied his parole. Greer had the right to appeal the trial court's determinations but did not do so on a timely basis. Due process does not mandate that probation revocation be treated the same as direct appeals; nor does it require that appeals be available on a belated basis. *See Gagnon*, 411 U.S. at 790, 93 S.Ct. at 1763–64 (due process requires revocation hearing and, in certain circumstances, appointment of counsel).

### Conclusion

We grant transfer, vacate the opinion of the Court of Appeals, and dismiss Greer's appeal for lack of subject matter jurisdiction.

SHEPARD, C.J., and DICKSON, SELBY and BOEHM, JJ., concur.

---

**2.** In *Morrissey*, the Court held that parole is not part of the criminal prosecution and that parolees do not merit the full panoply of due process rights accorded criminal defendants. To satisfy due process requirements, a parolee must receive notice and preliminary and final hearings before parole is revoked. The hearing must be before a neutral decisionmaker, and the parolee must be allowed to present evidence on his behalf. *Morrissey v. Brewer*, 408 U.S. 471, 480, 485, 92 S.Ct. 2593, 2602, 33 L.Ed.2d 484 (1972).