HANCOCK, Joseph N., Appellant,

v.

STATE of Indiana, Appellee.

No. 47S01–0203–CR–190.

Supreme Court of Indiana.

March 22, 2002.

## ORDER

Following a jury trial, judgment was entered against the appellant herein, Joseph N. Hancock, on convictions of Rape as a Class A felony and Criminal Deviate Conduct as a Class A felony. Appellant was sentenced to fifty years on the Rape charge, and fifty years on the Criminal Deviate Conduct charge, the sentences to be served consecutively. The Court of Appeals affirmed. *Hancock v. State*, 758 N.E.2d 995 (Ind.Ct.App.2001) The appellant filed, by counsel, a petition seeking transfer of jurisdiction pursuant to Appellate Rules 56(B) and 57.

Rape is generally a Class B felony that, under certain circumstances, can be elevated to Class A status. *See* Ind.Code § 35–42–4–1. In this instance, appellant was convicted and sentenced for Rape as a Class A felony because the offense was facilitated by drugging the victim without the victim's knowledge. *See* Ind.Code § 35–42–4–1(b)(4). Criminal Deviate Conduct is also generally a Class B felony that may be elevated, and appellant similarly received a Class A felony conviction and sentence, again because the offense was facilitated by the same drugging of the victim without the victim's knowledge. *See* Ind.Code § 35–42–4–2.

We have held that where a felony is elevated in class based on the same statutory factor and factual basis that was used to elevate another felony in class, the two cannot stand together and one must be reduced in class. *See Pierce v. State*, 761 N.E.2d 826, 830 (Ind.2002).

Pursuant to Appellate Rule 58, we grant transfer of jurisdiction and direct that appellant's Criminal Deviate Conduct conviction be reduced to a class B felony and that he be re-sentenced accordingly. In all other respects, the decision of the is summarily affirmed. *See* Ind. Appellate Rule 58(A)(2). The cause is remanded to

the trial court for proceedings consistent with this mandate.

All Justices concur.