**Joseph N. HANCOCK, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 47A04–0210–CR–488.**

Court of Appeals of Indiana.

April 22, 2003.

David J. Colman, Elizabeth Ann Cure, Colman & Cure, Bloomington, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Joseph N. Hancock, challenges the trial court's order re-sentencing him following his direct appeal. Hancock, however, failed to timely file a Notice of Appeal.

The attempted appeal is dismissed.

On November 29, 2001, a panel of this court issued an opinion which affirmed Hancock's convictions and sentence. *See Hancock v. State,* 758 N.E.2d 995 (Ind.Ct. App.2001), *trans. granted.* Our Supreme Court granted transfer and vacated this opinion in part and directed that one of Hancock's convictions be reduced from a Class A to a Class B felony and that he be re-sentenced accordingly. *See Hancock v. State,* 768 N.E.2d 880 (Ind.2002), *reh'g denied.* In all other respects, the Court of Appeals was summarily affirmed. *Id.* The trial court re-sentenced Hancock on April 16, 2002. Hancock filed a Notice of Appeal on August 9, 2002, 115 days later.[1] Indiana Appellate Rule 9(A)(1) requires that a Notice of Appeal be filed "within thirty (30) days after the entry of a Final Judgment." Rule 9(A)(5) further states that, where the Notice of Appeal is untimely filed, "the right to appeal *shall* be forfeited except as provided by [Post–Conviction Rule] 2." (emphasis supplied). Hancock does not claim, nor does the record indicate that he filed a petition for permission to file a belated Notice of Appeal pursuant to Indiana Post–Conviction Rule 2. We therefore dismiss Hancock's

---

1. We note that Indiana Appellate Rule 65(E) states, "The trial court ... and parties shall not take any action in reliance upon the opinion or memorandum decision until the opinion or memorandum decision is certified." Here, our Supreme Court's opinion was not certified until July 19, 2002. Yet the trial court on April 16, 2002, had already acted upon the Court's order for remand. Thus, the trial court's April 16 re-sentencing was premature and should be considered as a nullity.

We further note that Hancock's Notice of Appeal was filed within thirty days of our Supreme Court's July 14, 2002 denial of the State's petition for rehearing in his original appeal. However, as Hancock is appealing from the April 16 re-sentencing, it is from this date that we must calculate when his Notice of Appeal was due. Nor are we able to treat the trial court's re-sentencing as if it had occurred after the Supreme Court's opinion was certified. Thus, it appears that the trial court must re-do what it has already done.

attempted appeal as untimely.[2] *See Davis v. State,* 771 N.E.2d 647, 648–49 (Ind.2002) (where defendant filed Notice of Appeal after the thirty-day deadline of App. Rule 9, and P–C.R. 2 did not apply, he forfeited his right to appeal, and Court of Appeals lacked subject matter jurisdiction and erred in hearing appeal).

SHARPNACK, J., and KIRSCH, J., concur.

2. The fact that the motions panel of this court denied the State's pre-briefing motion to dismiss does not affect our decision. *See Davis v. State,* 771 N.E.2d 647, 649 n. 5 (Ind.2002).