**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MELVIN BISHOP, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )  No.  49A04-1101-CR-1 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Jr., Judge
Cause No. 49G02-0912-FB-102807

**MAY 30, 2012**

**MEMORANDUM OPINION ON REHEARING – NOT FOR PUBLICATION**

**BAKER, Judge**

This matter comes before us on appellant-defendant Melvin Bishop's petition for rehearing, following our memorandum decision in Bishop v. State, No. 49A04-1101-CR-1 (Ind. Ct. App. Sept. 9, 2011), where we affirmed Bishop's conviction for Rape, a class B felony, one count of Sexual Misconduct with a Minor, a class B felony, and vacated his conviction and sentence for Sexual Misconduct with a Minor, a class C felony. Slip op. at 2.

We grant Bishop's petition for the limited purpose of acknowledging his contention that the rape conviction is considered a "crime of violence" in accordance with Indiana Code section 35-50-1-2, and that the sexual misconduct with a minor offenses charged in this case are not such crimes within the meaning of the statute because of the manner in which he was charged. Finally, we agree with Bishop that his argument in support of concurrent sentences was premised on double jeopardy principles.

A detailed recitation of the underlying facts and procedural history appears in our original opinion. Following a three-day jury trial, Bishop was convicted of one count of raping a fourteen-year-old girl, who was a friend of his daughter's. Bishop was also found guilty of two counts of sexual misconduct with a minor, a class B felony, and one count of sexual misconduct with a minor, a class C felony. The trial court sentenced Bishop to twenty years of incarceration for rape and merged one of the class B felony sexual misconduct convictions with that count. Slip op. at 6. The trial court also

2

sentenced Bishop to ten years on the remaining class B felony sexual misconduct conviction that was ordered to run consecutively to the rape conviction and to two years on the class C felony sexual misconduct count that was to run concurrently with the other sentences. Thus, Bishop was sentenced to an aggregate term of thirty years. Id.

On appeal, Bishop challenged the sufficiency of the evidence with regard to the rape conviction, and argued that double jeopardy principles precluded convictions and sentences on both sexual misconduct offenses. Id. at 2.[1] Although the majority concluded that the evidence was sufficient to support Bishop's rape conviction, the conviction and sentence for sexual misconduct with a minor, a class C felony, was vacated on double jeopardy grounds. We also let stand the imposition of consecutive sentences.[2]

Although Bishop correctly asserts on rehearing that his argument in favor of concurrent sentences was predicated on double jeopardy principles, we stand by our original decision and conclude that the trial court did not abuse its discretion in imposing consecutive sentences for the multiple offenses that Bishop committed. As we noted in our original opinion, "the individual acts of sexual misconduct with a minor that were charged and the rape charge did not need to refer to each other to form separate charges." Slip op. at 15. In other words, each charge was supported by different facts and each

---

[1] In the alternative, Bishop argued that, assuming the convictions were proper, the trial court should have ordered the sentences to run concurrently.

[2] Judge Brown concurred in part and dissented in part, concluding that the "episodic nature of the crimes against the single victim in a single confrontation warrants concurrent sentences," in light of this court's opinion in Kocielko v. State, 943 N.E.2d 1282 (Ind. Ct. App. 2011).

3

could be referred to without reference to any other. Moreover, we pointed out that our Supreme Court has determined that a trial court is not necessarily precluded from ordering consecutive sentences, even when two offenses arise from one episode of criminal conduct. Hancock v. State, 768 N.E.2d 880 (Ind. 2002). Therefore, a different result with regard to sentencing is not compelled in this case.

Based on the foregoing, we grant Bishop's petition for rehearing for the limited purpose of addressing his arguments and clarifying our analysis. We reaffirm our original opinion in all respects.

KIRSCH, J., concurs.

BROWN, J., concurs and dissents.