**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 23 2012, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ROBERT GRUBBS**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ROBERT GRUBBS,                               )
                                             )
    Appellant-Defendant,            )
                                             )
      vs.                     )    No. 53A01-1109-PC-606
                                             )
STATE OF INDIANA,                            )
                                             )
    Appellee-Plaintiff.             )

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Marc R. Kellams, Judge
Cause No. 53C02-0509-PC-599

**July 23, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Robert Grubbs, *pro se*, appeals the denial of his motion for reconsideration and motion to correct error. Grubbs raises two issues which we consolidate and restate as whether the court erroneously denied these motions. We affirm.

The relevant facts follow. In August 2002, the State charged Grubbs with murder. Grubbs v. State, No. 53A05-0401-CR-32, slip op. at 3 (Ind. Ct. App. August 23, 2004). After a jury trial, Grubbs was found guilty of murder and sentenced to sixty-five years of imprisonment. Id. Grubbs appealed and argued that the testimony of the witnesses was incredibly dubious and that the evidence was insufficient to support his conviction, and this court affirmed. Id. at 2.

In September 2005, Grubbs filed a petition for post-conviction relief and alleged that he received ineffective assistance of trial and appellate counsel and that prosecutor misconduct denied him a fair trial. On October 17, 2008, the court denied Grubbs's petition. On September 24, 2009, the court forwarded a copy of the chronological case summary to Grubbs following correspondence from Grubbs. On December 14, 2010, following further correspondence from Grubbs, the court forwarded a copy of the order denying Grubbs's petition for post-conviction relief to Grubbs.[1] On June 2, 2011, Grubbs filed a motion for reconsideration and argued that the court abused its discretion when it denied his petition "without benefit of an evidentiary hearing to determine if [Grubbs] wished to hire private counsel; proceed [*pro se*]; withdraw to amend his [*pro se*] petition; or to withdraw his petition without prejudice . . . ." Appellant's Appendix at 30. On August 2, 2011, the court denied Grubbs's motion to reconsider.

---

[1] The record does not contain a copy of Grubbs's correspondence with the court.

On September 1, 2011, Grubbs filed a "Belated Motion to Correct Errors" and argued that the court erred when it denied his petition for post-conviction relief without first allowing him to amend his petition. Id. at 34. On October 11, 2011, the court denied Grubbs's motion to correct errors.

The issue is whether the post-conviction court erred in denying Grubbs's motion for reconsideration and motion to correct error. Grubbs appears to argue that the court erred in denying his petition for post-conviction relief because the court should have held an evidentiary hearing prior to denying his petition for post-conviction relief and should have given him time to "hire private counsel, [proceed] pro se, withdraw to amend his [*pro se*] petition, or to withdraw his petition without prejudice . . . ." Appellant's Brief at 5.

The State argues that filing a notice of appeal thirty days following the October 17, 2008 order denying post-conviction relief would have been the appropriate avenue to challenge the court's denial of post-conviction relief and "not a motion to reconsider filed over two and a half years after the post-conviction court denied relief" or a motion to correct error filed more than thirty days after the court's denial of Grubbs's petition for post-conviction relief. Appellee's Brief at 4. In his reply brief, Grubbs argues that he would have filed a timely appeal had he been made aware of his right to appeal by counsel.

The post-conviction court's October 17, 2008 order denying Grubbs's petition constituted a final judgment. See Post-Conviction Rule 1(6) ("The court shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a

3

hearing is held. . . . This order is a final judgment."). "An appeal may be taken by the petitioner or the State from the final judgment in this proceeding, under rules applicable to civil actions." Ind. Post-Conviction Rule 1(7).

Ind. Trial Rule 59(C) and Ind. Appellate Rule 9(A)(1) required Grubbs to either file a motion to correct error or a notice of appeal within thirty days of the court's October 17, 2008 order. However, Grubbs did not file a motion to correct error or a notice of appeal within thirty days of the court's order. Ind. Appellate Rule 9(A)(5) provides that "[u]nless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by [Post-Conviction Rule 2]," which is not applicable in the present case. See Greer v. State, 685 N.E.2d 700, 702 (Ind. 1997) (holding that Post-Conviction Rule 2 was a vehicle for belated direct appeals alone and "provides a method for seeking permission for belated consideration of appeals addressing conviction, but does not permit belated consideration of appeals of other post-judgment petitions"); Taylor v. State, 939 N.E.2d 1132, 1135 (Ind. Ct. App. 2011) (holding that the petitioner could not use Post-Conviction Rule 2(1) "as a vehicle for filing a belated notice of appeal from his post-conviction relief proceeding"). Accordingly, we cannot say that the court erred in denying Grubbs's motions. See Strowmatt v. State, 779 N.E.2d 971, 975 (Ind. Ct. App. 2002) (holding that the petitioner forfeited his right to appeal the denial of his petition of post-conviction relief where the notice of appeal was not filed within thirty days of the denial); Sceifers v. State, 663 N.E.2d 1191, 1192-1193 (Ind. Ct. App. 1996) (holding that Post-Conviction Rule 2 applies only to matters on direct appeal and that the

trial court properly denied a petition to file a belated motion to correct error), <u>trans. denied</u>, <u>cert.</u> <u>denied</u>, 519 U.S. 895, 117 S. Ct. 239 (1996).

For the foregoing reasons, we affirm the post-conviction court's denial of Grubbs's motion for reconsideration and motion to correct error without prejudice to his right to seek successive post-conviction relief.

Affirmed.

BAKER, J., and KIRSCH, J., concur.