**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**DAVID A. SHANE**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID A. SHANE | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 18A04-1308-DR-439 |
| | ) | |
| SHEILA SHANE, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable John M. Feick, Judge
The Honorable Brian M. Pierce, Magistrate
Cause No. 18D03-9005-DR-161

**March 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

David Shane appeals the trial court's denial of his petition to eliminate his child support arrearage or to modify the trial court's income withholding order. Shane raises two issues for our review, but we address the following dispositive issue sua sponte: whether Shane timely filed his notice of appeal. We dismiss.

**FACTS AND PROCEDURAL HISTORY**

On June 18, 1997, Shane was sentenced to sixty years imprisonment for, among other things, murder. His earliest possible release date is November 3, 2021. While in jail, Shane was ordered to pay child support for his daughter. He did not do so fully, and he accrued a child support arrearage. His daughter, Ashlie, died in a fire on April 30, 2006.

On December 13, 2012, the Delaware County Title IV-D office, on behalf of Sheila Shane, Ashlie's mother, obtained an income withholding order to eliminate Shane's child support arrearage. At the time, Shane was working, for pay, at the Correctional Industrial Facility ("CIF"). Pursuant to the income withholding order, the CIF withheld 55% of Shane's pay from each paycheck.

On June 17, 2013, Shane wrote a letter to the trial court. In his letter, Shane requested that the court "close out my child support case. My daughter is gone and nothing can bring her back. . . . Shouldn't [the arrearage] have stopped since Ashlie has been gone 7 years?" Appellant's Confidential App. at 6. The next day, the trial court issued an order "denying [Shane's] request to close child support case." Appellant's App. at 14 (emphases removed). In particular, the court found that Shane "does owe

2

child support arrearages in this case. Child support arrearages do not cease with the death . . . of the child." Id. Shane did not appeal that order.

On July 8, Shane filed a "petition for modification of child support." Id. at 9 (emphases removed). Again, Shane asserted that Ashlie's death justified modification of the income withholding order. In particular, Shane asserted that he "is willing to pay $10 a month, until released from prison." Id. On July 18, the trial court issued an order "denying [Shane's] request to disallow income withholding order." Id. at 13. In particular, the court found that Shane "does owe child support arrearages in this case" even though Ashlie "is deceased and current child support was stopped" in April of 2006. Id. The trial court's July 18 order was noted in the Chronological Case Summary ("CCS") that same day. On August 26, 2013, thirty-nine days after the entry of the July 18 order in the CCS, Shane filed his notice of appeal.

**DISCUSSION AND DECISION**

On appeal, Shane asserts that the trial court erred when it denied his request to eliminate his child support arrearage or to modify the income withholding order. But Shane did not timely file his notice of appeal. As such, we are without jurisdiction to consider Shane's arguments.[1]

Neither party raises the issue of the timeliness of Shane's appeal in their briefs. Nonetheless, the timely filing of a notice of appeal is a jurisdictional prerequisite that can be raised sua sponte even if the parties do not question jurisdiction. Tarrance v. State,

---

[1] It is of no moment that Shane proceeds pro se. A pro se litigant "cannot take refuge in the sanctuary of his amateur status." Peters v. Perry, 873 N.E.2d 676, 677 (Ind. Ct. App. 2007). "As we have noted many times before, a litigant who chooses to proceed pro se will be held to the same rules of procedure as trained legal counsel and must be prepared to accept the consequences of his action." Id. at 678.

3

947 N.E.2d 494, 495 (Ind. Ct. App. 2011). Article 7, Section 6 of the Indiana Constitution expressly declares that the Court of Appeals "shall exercise appellate jurisdiction under such terms and conditions as the Supreme Court shall specify by rules . . . ." "This court's subject matter jurisdiction is specified by the Indiana Rules of Appellate Procedure adopted by our Supreme Court." Indiana Newspapers, Inc. v. Miller, 980 N.E.2d 852, 856 (Ind. Ct. App. 2012), aff'd on reh'g, 980 N.E.2d 863, trans. denied.

Our Supreme Court has unambiguously and repeatedly held that an untimely direct appeal "involves subject matter jurisdiction" and not the "procedural requirements to invoke a court's jurisdiction over a particular case." Greer v. State, 685 N.E.2d 700, 703-04 (Ind. 1997); see also Davis v. State, 771 N.E.2d 647, 649-50 (Ind. 2002) (relying on Greer and dismissing an untimely direct appeal "for lack of subject matter jurisdiction"); Claywell v. Review Bd. of Ind. Dep't of Emp't & Training Servs., 643 N.E.2d 330, 330 (Ind. 1994) ("This Court has considered perfecting a timely appeal a jurisdictional matter."). Our Supreme Court has further held that an appellee's failure to promptly challenge this court's jurisdiction in an untimely appeal does not result in waiver of that question. Greer, 685 N.E.2d at 703-04. And the timeliness of an appeal "contrasts with [this court's] authority on matters such as tardy briefs, for example, which merely subject the appeal to summary dismissal." Davis, 771 N.E.2d at 649 (quotation omitted). And this court has relied on our Supreme Court's authority for the proposition that an untimely appeal fails to invoke this court's subject matter jurisdiction. See, e.g., Marlett v. State, 878 N.E.2d 860, 864 (Ind. Ct. App. 2007) (citing Davis for the

4

proposition that "[t]his court lacks subject matter jurisdiction over appeals that are not timely initiated"), trans. denied; Hancock v. State, 786 N.E.2d 1142, 1143-44 (Ind. Ct. App. 2003) (same). Thus, given this abundant authority, we cannot agree with the dissent's contention that the failure to file a timely notice of appeal is not jurisdictional but is akin to legal error.

Here, at the time of the trial court's July 18 order, Indiana Appellate Rule 9(A)(1) provided that "[a] party initiates an appeal by filing a Notice of Appeal with the Clerk . . . within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." Because the timely filing of a notice of appeal is a prerequisite to invoking this court's subject matter jurisdiction, Davis, 771 N.E.2d at 649-50, because subject matter jurisdiction may not be waived by the parties and "can be raised at any time," including sua sponte, Georgos v. Jackson, 790 N.E.2d 448, 451 (Ind. 2003); see Greer, 685 N.E.2d at 703-04, and because the failure to conform to the applicable time limits results in forfeiture of an appeal, Ind. Appellate Rule 9(A)(5), we are obliged to address the timeliness of Shane's appeal as a threshold issue.

On July 18, the trial court entered its order denying Shane's petition to eliminate his support arrearage or to modify the income withholding order.[2] The court's judgment was noted in the CCS the same day. But Shane did not file his notice of appeal until August 26, thirty-nine days after the judgment was noted in the CCS. As such, Shane did not timely file his notice of appeal.

---

[2] We need not consider whether Shane's July 8 petition was repetitive of his June 17 request to close the case, but, if it were, Shane's notice of appeal would have been filed late by an additional thirty days.

The State, arguing on behalf of Sheila in this appeal, suggests that, "although the notice of appeal was . . . late, the trial court probably accepted the late filing because . . . the July 18, 2013[,] order was sent to Shane at the wrong address and was returned to the court." Appellee's Br. at 2. But the timeliness of the notice of appeal in these circumstances is not a question for the trial court. See Greer, 685 N.E.2d at 703. The timeliness of an appeal under Appellate Rule 9 is contingent on the date the order is noted in the CCS, not on the date the appellant actually received the order from which he seeks to appeal. App. R. 9(A)(1). It is the appellant's burden to properly invoke this court's jurisdiction, and Shane does not suggest or cite any evidence in the record that he did not actually receive the trial court's order with enough time to file a timely notice. In other words, Shane has done nothing to impeach the CCS entry.

In Indiana, the timely filing of a notice of appeal is of the utmost importance. This is evidenced in part by Indiana Appellate Rule 9(A)(5), which states that, "[u]nless the Notice of Appeal is timely filed, the right of appeal shall be forfeited . . . ." We cannot ignore the jurisdictional requirement of Appellate Rule 9. The proper time for Shane to appeal the trial court's denial of his petition to eliminate his arrearage or modify the income withholding order was within thirty days of the date that order was noted in the CCS, which he did not do. Accordingly, we must conclude that Shane did not timely file his notice of appeal. Thus, we lack subject matter jurisdiction to consider his appeal.

Nevertheless, we note that, if Shane had properly invoked our subject matter jurisdiction, we would have affirmed the trial court's judgment on the merits. "For at least seventy-five years, Indiana has held that[,] after support obligations have accrued, a

6

court may not retroactively reduce or eliminate such obligations." Whited v. Whited, 859 N.E.2d 657, 661 (Ind. 2007); see also Ind. Code § 31-16-16-6 (prohibiting such retroactive modifications); I.C. § 31-16-15-2.6 (requiring an income withholding order to remain in effect until the child support obligation, including any arrearage, is paid in full). And the income withholding order here was based on Shane's actual income during his incarceration. See Lambert v. Lambert, 861 N.E.2d 1176, 1177 (Ind. 2007). Accordingly, there is no question that the trial court here properly denied Shane's request to eliminate his arrearage or modify the income withholding order.

Dismissed.

CRONE, J., concurs in result without opinion.

BAKER, J., concurs in part and dissents in part with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID A. SHANE,                                )
                                               )
    Appellant-Petitioner,              )
                                               )
        vs.                          )     No.  18A04-1308-DR-439
                                               )
SHEILA SHANE,                                  )
                                               )
    Appellee-Respondent.               )

**BAKER, Judge, concurring in part and dissenting in part.**

While I agree with the majority's determination that the trial court's judgment should be affirmed on the merits, I respectfully dissent from the majority's conclusion that this Court lacks subject matter jurisdiction and the resulting dismissal of this appeal. Initially, I cannot agree that this appeal should be dismissed when the State concedes that the order was sent to Shane at the wrong address and returned to the court. To reach such an outcome is to not see the proverbial forest for the trees. Further, I cannot agree with the majority's rationale for dismissing this appeal for lack of subject matter jurisdiction.

At the outset, I observe that although recent jurisprudence has strived to dispel confusion from previous opinions regarding subject matter jurisdiction, it still exists, and I think that it has occurred in the instant case.

8

To begin, Appellate Rule 5, titled "Court Of Appeals Jurisdiction," outlines this Court's basic jurisdiction, including "all appeals from Final Judgments of Circuit, Superior, Probate, and County Courts, notwithstanding any law, statute or rule providing for appeal directly to the Supreme Court of Indiana." Appellate Rule 9, titled "Initiation Of The Appeal," provides as cited by the majority, "a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion is noted in the Chronological Case Summary or thirty (30) days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first." Accordingly, the very structure of the Appellate Rules appears to negate the majority's conclusion that this Court loses subject matter jurisdiction if the Notice of Appeal is not filed within thirty days.

Moving to caselaw, in K.S. v. State, 849 N.E.2d 538 (2006), our Supreme Court undertook the formidable task of distinguishing jurisdiction from procedural error. The K.S. Court instructed that a "[r]eal jurisdictional problem would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus, characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concepts." Id. at 542 (emphasis in original). See also Clark Cnty. Bd. of Aviation Comm'rs v. Dreyer, 986 N.E.2d 286, 291 (Ind. Ct. App. 2013) (holding that the failure to file exceptions to an assessment within the statutory time frame was, at most legal error, rather than a real jurisdictional issue), summarily affirmed by 993 N.E.2d 624 (Ind. 2013). Again, these cases negate the majority's assertion that this Court loses subject matter jurisdiction when an appellant fails to file a Notice of Appeal within thirty days; such failure is more akin to legal error.

9

I certainly have not ignored our Supreme Court's opinions to which the majority cites for the proposition that "an untimely appeal 'involves subject matter jurisdiction' and not the 'procedural requirements to invoke a court's jurisdiction over a particular case.'" Slip op. at 4 (quoting Greer v. State, 685 N.E.2d 700, 703-04 (Ind. 1997)). However, I also cannot ignore that these opinions pre-date K.S.

Perhaps even more compelling, as recently as 2011, our Supreme Court cited K.S. in a footnote citation for the definition of subject matter jurisdiction: "Subject matter is the power of a court to hear and decide a particular class of cases to which a particular class belongs." State ex rel. Zoeller v. Aisin USA Mfg., Inc., 946 N.E.2d 1148, 1152 n.7 (Ind. 2011) (citing K.S., 849 N.E.2d at 540, 542). This basic definition does not seem to correspond to appeals for which the notice of appeal was not timely filed. Moreover, given the potential for draconian outcomes if belated appeals are dismissed, regardless of the reason, we might hope that our Supreme Court will clarify this issue. For all these reasons, I dissent from the majority's dismissal of the appeal.