**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**Roy C. Bebout**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROY C. BEBOUT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1401-CR-27 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable David D Kiely, Judge
Cause No. 82C01-9803-CF-285

**September 16, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

In his most recent appeal, Roy C. Bebout contends that the trial court erred in denying his "Motion to Correct Court Record (CSS [sic] Docket) under newly discovered evidence of 'Prison Mail Box Rule'". *Appellant's Appendix* at 5. Because Bebout's motion amounts to an unauthorized successive petition for post-conviction relief, we dismiss this appeal.

In 1998, Bebout was sentenced to forty-five years in prison after being convicted of kidnapping, criminal deviate conduct, and rape. After Bebout's convictions were affirmed on direct appeal, Bebout filed a pro se petition for post-conviction relief, which was denied on May 18, 2004. After his motion to correct error was denied, Bebout appealed, arguing in part that the post-conviction court erred by failing to consider his amended petition for post-conviction relief and denying him an evidentiary hearing. This court affirmed, concluding in pertinent part that the record did not establish that Bebout had filed an amended petition or a request for an evidentiary hearing. *See Bebout v. State*, No. 82A01-0408-PC-343 (Ind. Ct. App. February 25, 2005). This court also concluded that the post-conviction court had considered the additional issue raised in the amended petition Bebout claimed to have filed and correctly concluded that Bebout was not entitled to relief on that basis.

Bebout subsequently filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Indiana, which was denied. In 2008, Bebout filed a federal lawsuit under 42 U.S.C. § 1983 against the Vanderburgh County Clerk and one of her employees, alleging that they had denied him access to the courts by failing to file the amended petition for post-conviction relief and request for an evidentiary hearing

he claimed to have submitted in the state post-conviction proceedings. The federal district court granted summary judgment for the defendants, and that judgment was affirmed by the United States Court of Appeals for the Seventh Circuit.

On July 14, 2011, Bebout filed a Motion to Correct Court Docket in the post-conviction court. Bebout has not included a copy of this motion in his Appellant's Appendix, but an entry in the Chronological Case Summary (CCS) indicates that the motion was denied "for the reason the court has reviewed the file and has found no motion for evidentiary hearing or motion to amend filed between 3-26-04 and 4-1-04." *Id.* at 251. Thus, it is apparent that the July 14, 2011 Motion to Correct Court Docket requested that the CCS be corrected to reflect the filing of those documents in the post-conviction proceedings. Following the denial of the Motion to Correct Court Docket, Bebout filed a motion to correct error, which was denied. Bebout then filed a notice of appeal. On February 28, 2012, Bebout's appeal was dismissed with prejudice for failure to timely file an appellant's brief.

On September 9, 2013, Bebout filed his "Motion to Correct Court Record (CSS [sic] Docket) under newly discovered evidence of 'Prison Mail Box Rule'". *Id.* at 5. In the motion, Bebout again alleged that the CCS was in error because it did not reflect that he filed an amended petition for post-conviction relief and a request for an evidentiary hearing on March 31, 2004. The motion was denied on October 4, 2013. On November 4, 2013, Bebout filed a motion to correct error. The trial court ruled that the motion would be treated as a petition for permission to file a belated motion to correct error pursuant to Ind. Post-Conviction Rule 2 and set deadlines for the submission of affidavits

3

and other documents. The trial court ultimately denied the motion, concluding that Bebout had not been diligent in requesting permission to file the belated motion to correct error and that he was not an "eligible defendant" for the purposes of P-C.R. 2 because he had already had a direct appeal.

On appeal, the State argues that Bebout's September 9, 2013 motion is barred by the doctrine of *res judicata* because it involves the same issues raised in his July 14, 2011 motion. The State's arguments in this regard are well taken, but we dismiss for a more fundamental reason. P-C.R. 1(12) sets forth the applicable procedures a litigant must follow to seek authorization to file a successive petition for post-conviction relief. *See Young v. State*, 888 N.E.2d 1255, 1257 (Ind. 2008) (explaining that when a petitioner has already litigated a petition for post-conviction relief, "that petitioner must follow the procedure outlined in P-C.R. 1(12) for filing successive petitions"). In this case, Bebout has already fully litigated a petition for post-conviction relief, and he is now attempting to collaterally attack the denial of that petition. The only procedural vehicle remaining available to Bebout for asserting this claim is a successive petition for post-conviction relief.[1] Bebout, however, did not receive, or even request, authorization to file a successive petition. Accordingly, we dismiss this appeal.

---

[1] To the extent Bebout's motion could be characterized as a petition for permission to file a belated motion to correct error relating to the denial of his original petition for post-conviction relief, we agree with the post-conviction court's conclusion that Bebout is not an "eligible defendant" for the purposes of P-C.R. 2 because he filed both a motion to correct error and an appeal following the denial of that petition. *See* P-C.R. 2 (defining an "eligible defendant" as one "who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal"). More fundamentally, however, P-C.R. 2(2) provides that "[a]n eligible defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a belated motion to correct error

4

Appeal dismissed.

VAIDIK, C.J., and MAY, J., concur.

---

*addressing the conviction or sentence*[.]" (Emphasis supplied). As this court has explained, "[t]his rule clearly applies to motions to correct errors relating to matters on the direct appeal. It is not applicable to belated motions to correct errors relating to matters at the post-conviction stage." *Sceifers v. State*, 663 N.E.2d 1191, 1192 (Ind. Ct. App. 1996), *trans. denied.* Thus, even if Bebout qualified as an "eligible defendant", he would not be entitled to pursue a belated motion to correct error relating to the denial of his original petition for post-conviction relief.