**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**FORREST R. FERGUSON**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FORREST R. FERGUSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1406-CR-406 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT 5
The Honorable Grant Hawkins, Judge
Cause No. 49G05-8908-CF-095841

**September 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

The trial court denied Forrest Ferguson's Petition for Additional Credit Time and, thereafter, denied his Petition for Permission to File a Belated Appeal and for Appointment of Counsel at County Expense. In the instant pro se appeal, Ferguson requests us to: "Order the Department Of Correction to recalculate all credit time and reduce the length of credit time the prisoner received from his period of imprisonment, pursuant to Indiana Code 35-50-6-3.3, for earning two college degrees, and Vocational Business Management, Reformative program for The Department Of Labor Legal Secretary and General Educational Degree."[1]

We affirm in part and dismiss in part.

In 1991, Ferguson was convicted of murder and sentenced to an executed term of sixty years in prison. Over the years, he has filed a number of post-judgment petitions and motions regarding his sentence. Relevant to this appeal, Ferguson filed a petition for additional credit time on November 26, 2013, which the trial court denied on February 20, 2014. Ferguson did not timely appeal that order. Thereafter, on May 22, 2014, Ferguson filed a petition seeking permission to file a belated notice of appeal pursuant to Ind. Post-Conviction Rule 2(1). The trial court denied the motion the following day.

On June 11, Ferguson filed his pro se notice of appeal, which was followed by a second notice of appeal on June 23 accompanied by orders and other documents that were not originally filed with the first notice of appeal. Although Ferguson's notice of appeal indicates that he is appealing the denial of his motion for permission to filed a belated

---

[1] We share in the State's concern in deciphering Ferguson's appellate arguments. Because we lack jurisdiction to reach the merits of his credit-time claim, we need not further address the cogency (or lack thereof) of his arguments.

notice of appeal, his arguments on appeal are directed solely to the underlying ruling on his petition for additional credit time. The State argues that Ferguson's appeal is untimely and should be dismissed.

Ferguson does not dispute that he failed to timely appeal the denial of his November 2013 petition for additional credit time. *See* Ind. Appellate Rule 9(A)(1) (requiring a notice of appeal to be filed within thirty days after entry of final judgment). Accordingly, his right to appeal is forfeited except to the extent he is eligible to file a belated notice of appeal pursuant to P-C.R. 2. *See* App. R. 9(A)(5).

P-C.R. 2(1) provides in relevant part:

(a) Required Showings. An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
> (1) the defendant failed to file a timely notice of appeal;
> (2) The failure to file a timely notice of appeal was not due to the fault of the defendant; and
> (3) The defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

This rule "provides a method for seeking permission for belated consideration of appeals addressing conviction [or sentence], *but does not permit belated consideration of appeals of other post-judgment petitions*." *Greer v. State*, 685 N.E.2d 700, 702 (Ind. 1997) (emphasis supplied). *See also Sceifers v. State*, 663 N.E.2d 1191, 1193 (Ind. Ct. App. 1996) ("P-C.R. 2(1) applies only to matters on direct appeal"), *trans. denied*. Here, Ferguson is not seeking to appeal his 1991 conviction or sentence. Instead, he is seeking permission to appeal the denial of educational credit time, which is an ancillary matter outside the purview of P-C.R. 2(1). *See Greer v. State*, 685 N.E.2d 700.

3

We affirm the trial court's denial of Ferguson's petition seeking permission to file a belated notice of appeal. Accordingly, we lack jurisdiction to consider a belated appeal of the order denying additional credit time to Ferguson and dismiss the appeal to the extent it addresses that order.

Affirmed in part and dismissed in part.

VAIDIK, C.J., and MAY, J., concur.