Anthony TAYLOR, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–1008–PC–949.

Court of Appeals of Indiana.

Jan. 10, 2011.

Anthony Taylor, Bunker Hill, IN, Appellant pro se.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Chief Judge.

### Case Summary and Issue

Anthony Taylor appeals the post-conviction court's denial of his petition for permission to file a belated appeal of its denial of his petition for post-conviction relief, raising as the sole issue for our review whether the post-conviction court abused its discretion in denying him permission to file a belated appeal. Concluding, pursuant to our inherent authority to grant equitable relief that Taylor should be allowed to file a notice of appeal considered timely, we reverse and remand.

### Facts and Procedural History

Taylor was convicted in 2007 of unlawful possession of a firearm by a serious violent felon, a Class B felony, and unlawful use of body armor, a Class D felony. He was ordered to serve an aggregate sentence of fifteen years.[1]

In 2008, Taylor filed a *pro se* petition for post-conviction relief, which was subsequently amended in June of 2009. Taylor alleged ineffective assistance of trial and appellate counsel as grounds for relief. Following a hearing on the petition in August of 2009, the post-conviction court requested the parties submit proposed findings of fact and conclusions of law. Taylor submitted his proposed order as requested in September of 2009; following several motions for extension of time, the State submitted its proposed order on January 22, 2010. The post-conviction court entered its findings of fact and conclusions of law denying Taylor's petition for post-conviction relief on February 4, 2010, and served a copy of the order on Taylor at the Putnamville Correctional Facility ("PCF") address Taylor had used on all of his pleadings to that date. On April 23, 2010, the post-conviction court received a letter

---

1. Originally, Taylor was also adjudicated an habitual offender and ordered to serve an aggregate sentence of thirty-five years. Taylor's habitual offender status was reversed on appeal, *see Taylor v. State*, Cause No. 49A04– 0705–CR–283, 2007 WL 4531814 (Ind.Ct.App. 2007), and the case was remanded to the trial court, which vacated the habitual offender determination and enhancement, resulting in the fifteen-year sentence.

from Taylor requesting copies of the ruling on his petition for post-conviction relief and the chronological case summary ("CCS") for his case. On April 30, 2010, Taylor filed a Motion for Clarification on Status of Case in which he alleged he received a copy of the State's proposed findings of fact and conclusions of law filed on January 22, 2010, at PCF but was thereafter transferred to the Miami Correctional Facility ("MCF") and had not received further pleadings or orders since his move. This motion included Taylor's address at MCF. The post-conviction court responded to Taylor's letter and motion by a letter dated May 6, 2010, enclosing a copy of the CCS and a copy of the findings of fact and conclusions of law denying postconviction relief, "which was entered February 4, 2010 and mailed, that next day, to the address we had for you." Appendix of Appellant at 162.

Taylor then filed a Motion for Re-issuance of Order Denying Post–Conviction Relief and/or Extension of Time Limitation in Order to Contest Ruling, in which he alleged that he was transferred from PCF to MCF on January 22, 2010, and that he had notified the post-conviction court of his change of address by letter dated February 3, 2010, but had not received a copy of the post-conviction court's order until the court's May response to his letter. Citing Trial Rules 5(B), 60(B)(4), and 72(E), Taylor requested the post-conviction court re-issue its order, or alternatively, allow an extension of time to file a notice of appeal.

At this point, the allegations of the pleadings included in the record and the entries on the CCS diverge. The CCS does indeed show correspondence was received by the post-conviction court on February 3, 2010. Despite Taylor specifically requesting in his notice of appeal a copy of said correspondence, the correspondence was not among the documents compiled by the Clerk. The CCS also shows that on June 10, 2010, the postconviction court granted Taylor's motion for re-issuance, with copies to both Taylor and the State. The CCS thereafter shows Taylor filed a Motion for Ruling on Motion for Reissuance of Order Denying Post–Conviction Relief and/or Extension of Time Limitation on June 15, 2010, presumably because he had not yet received the June 10 ruling. A CCS entry dated June 18, 2010, states: "Court denies motion. SEE ORDER 6/10/10. COPIES TO A. TAYLOR." *Id.* at 35. The CCS next shows an entry dated July 27, 2010, that in response to Taylor's motion for ruling on petition for permission to file belated notice of appeal, the "Court denies motion. COURT SENTDS [sic] TAYLOR A COPY OF 17 JUNE 10 RULING AND ANOTHER COPY OF THE ORDER OF 10 JUNE 10." *Id.* at 36. The CCS does not show the original filing of a petition for permission to file belated notice of appeal, however, and as explained below, the record does not include this pleading.

Among the pleadings included in the appendix are what we presume to be Taylor's June 15, 2010, motion for ruling on the motion for re-issuance, but we are unable to read the full title of the pleading or the date on which it was filed because a piece of paper was placed over the top half of the first page of the document prior to copying, obscuring most of the title, the filing date, and most of what appears to be a handwritten notation by the post-conviction court. Taylor alleges the document was supplied to him in this form. The next document in the record is a written order, dated June 10, 2010, denying Taylor's motion for re-issuance. In that order, the post-conviction court notes an examination of the court's file showed no February 3, 2010, correspondence alerting the court to Taylor's new address, making the motion for clarification filed on April 30, 2010, the

post-conviction court's first notice of Taylor's move to MCF. The order further states:

> This court does not believe it has the ability to grant Mr. Taylor an extension of time such that he can now appeal the court's denial of his PCR. Additionally, because the court's file does not evidence any notice of change of address, the court is not inclined to re-issue its denial of his PCR.

*Id.* at 174. The post-conviction court's distribution list shows distribution of this order to Taylor at PCF, *not* MCF. *Id.* Taylor's Motion for Ruling on Petition for Permission to File Belated Notice of Appeal, filed July 26, 2010, alleges that he had, on June 18, 2010, filed a motion seeking permission to file a belated notice of appeal and had not received a decision. As noted above, there is no June 18, 2010 entry in the CCS reflecting the filing of this pleading, and no such pleading appears in the record. The post-conviction court denied Taylor's motion on July 27, 2010,[2] and Taylor now appeals.

### Discussion and Decision

### I. Post–Conviction Rule 2

■ Taylor purportedly appeals the post-conviction court's denial of his motion seeking permission to file a belated notice of appeal pursuant to Post–Conviction Rule 2. Post–Conviction Rule 2(1) provides a mechanism for seeking permission to file a belated appeal where the failure to file a timely notice of appeal was not the petitioner's fault and the petitioner has been diligent in seeking permission to file a belated notice. Ind. Post–Conviction Rule 2(1)(a); *Cooper v. State,* 917 N.E.2d 667,

673 (Ind.2009). Prior to 1994, this rule allowed requests from petitioners seeking something other than a direct appeal of their conviction, such as petitions for post-conviction relief. *Howard v. State,* 653 N.E.2d 1389, 1390 (Ind.1995) (citing P–C.R. 2(1) (1993) ("[w]here a defendant convicted after a trial or plea of guilty fails to file a timely praecipe, a petition for permission to file a belated praecipe may be filed with the trial court.")). Effective January 1, 1994, however, the rule was amended to make it a vehicle for belated direct appeals only. *See* P–C.R. 2(1) (2010) ("An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal *of the conviction or sentence* ") (emphasis added). In *Greer v. State,* 685 N.E.2d 700 (Ind.1997), our supreme court concluded this amendment

> removes the trial court's jurisdiction to permit belated praecipes to be filed in other than direct appeals of convictions [and further] removes the subject matter of other than direct appeals of convictions from the jurisdiction of the Court of Appeals, unless such appeals or petitions are brought pursuant to a timely praecipe.

*Id.* at 703.

In short, Taylor cannot use Post–Conviction Rule 2(1) as a vehicle for filing a belated notice of appeal from his post-conviction relief proceeding. However, pursuant to our inherent power to grant appropriate equitable relief, we consider the post-conviction court's ruling on Taylor's Trial Rule 72(E) motion.

---

2. Taylor filed another motion for ruling on petition for permission to file belated notice of appeal on August 4, 2010, again alleging he had not received a decision. The post-conviction court again denied the motion on August 10, 2010, stating the "petition for permission has already been denied." Id. at 178. Taylor's notice of appeal was filed on August 11, 2010.

## II. Trial Rule 72

■ Taylor's original motion to the post-conviction court requested relief pursuant to Trial Rule 72,[3] which reads, in relevant part:

Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When the mailing of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

Ind. Trial Rule 72(E). This provision was added to Trial Rule 72 "to provide essentially that counsel could rely on the clerk's office to send notice and if such notice was not received, to provide an avenue through which to challenge the mailing of the notice." *Markle v. Indiana State Teachers Ass'n,* 514 N.E.2d 612, 614 (Ind.1987). We review the determination of a trial court on a motion for relief pursuant to this rule for an abuse of discretion. *Id.* We consider whether the evidence could reasonably support the conclusion reached by the trial court. *Id.* Taylor alleged he was moved from one Department of Correction facility to another, alerted the post-conviction court to his new address, but did not receive notice of the post-conviction court's February 5, 2010, order denying his petition for post-conviction relief until it was mailed to him on May 6, 2010, pursuant to his request for clarification of the status of his case. He therefore requested an extension of time in which to appeal the post-conviction court's denial of his petition.

Trial Rule 72(E) is applicable where the CCS does not contain evidence that a copy of the court's order was sent to each party. *Collins,* 644 N.E.2d at 117–18. Here, Taylor alleges he notified the post-conviction court of his new address prior to the mailing of the order denying his petition for post-conviction relief, and although the CCS does not affirmatively show that a notice of change of address was received by the court, it does reflect that correspondence was received by the court on or about the date Taylor alleges. Moreover, although the CCS reflects that notice of the order denying the petition for post-conviction relief was mailed to Taylor, it does not reflect at which address notice was made, and the CCS further reflects that after the post-conviction court undeniably had notice of Taylor's new address, it still mailed an order to him at his previous address. Given the ambiguous state of the record as described herein and in the Facts above, and given that "[w]here the record reasonably permits, we prefer to dispose of appeals on their merits," *Slay v. Marion County Sheriff's Dep't,* 603 N.E.2d 877, 883–84 (Ind.Ct.App.1992), *trans. denied,* we hold under the facts and circum-

---

**3.** Taylor's motion also requested relief pursuant to Trial Rule 60(B), but our supreme court has held Trial Rule 72 is the sole vehicle for obtaining relief for failure to receive notice and has treated a motion styled a motion for relief from judgment pursuant to Trial Rule 60(B) on the basis of lack of notice as a motion for an extension of time to contest an order pursuant to Trial Rule 72(E). *Collins v. Covenant Mut. Ins. Co.,* 644 N.E.2d 116, 117 (Ind.1994).

stances of this case that the post-conviction court abused its discretion in denying Taylor the relief he sought under Trial Rule 72(E), *cf. Gable v. Curtis*, 673 N.E.2d 805, 808 (Ind.Ct.App.1996) (holding Trial Rule 72(E) relief was appropriate where CCS showed party had provided clerk with new address and further showed notice sent to previous address had been returned to clerk as insufficiently addressed).

■ Although Taylor did not appeal the denial of his Trial Rule 72(A) motion within thirty days, instead filing a Post–Conviction Rule 2 petition, which, as we have discussed above, was an inappropriate procedural vehicle for seeking relief, this court has inherent power to entertain an appeal after the time permitted has expired. We exercise this inherent power to grant equitable relief "only in rare and exceptional circumstances, such as in matters of great public interest, or where extraordinary circumstances exist." *Lugar v. State ex rel. Lee*, 270 Ind. 45, 46–47, 383 N.E.2d 287, 289 (1978) (citation omitted). Such is the situation with this case. Taylor, acting pro se, and with limited resources and ability to monitor the progress of his case, did everything he knew to do to bring this case to the appellate courts. The record supports his assertion that he corresponded with the post-conviction court around the time of his move from one DOC facility to another. Despite specifically requesting a copy of this correspondence in his notice of appeal, it was not supplied to him. The CCS shows his Trial Rule 72 motion was both granted and denied, and further shows that Taylor was supplied with both orders in response to his motion for ruling on petition for permission to file belated appeal, though only the order denying his Trial Rule 72 motion appears in the record. What appears to be a handwritten ruling on one of Taylor's

motions has been obscured, thereby further confusing the record on review. The post-conviction court distributed an order to Taylor at his prior address even after being undeniably notified of his new address multiple times. And, as Taylor points out, this particular court has a documented history of failing to organize and keep abreast of its post-conviction relief files. *See In re Hawkins*, 902 N.E.2d 231, 242–43 (Ind.2009) (imposing discipline upon trial court judge for violating code of judicial conduct in failing to organize post-conviction relief files and permitting delays in post-conviction relief cases; specifically in failing to ensure a defendant's post-conviction relief order was processed immediately and the parties were notified of the order).

In sum, what transpired after Taylor filed his petition for post-conviction relief is confusing even to us; it is little wonder Taylor was confused about how to proceed. The CCS, which acts as the court's official record, T.R. 77(B), is riddled with inaccuracies and contradictions and does not match the pleadings and orders in the record. The documents compiled by the clerk pursuant to Taylor's notice of appeal are incomplete and in one instance, seem to have been altered. And most relevant to Taylor's specific allegations in his Trial Rule 72 motion, the post-conviction court did not send notice of at least one order to his current address even though the record undeniably supports the court's knowledge of his correct address. Under these circumstances, and considering Taylor should have prevailed on the merits of his Trial Rule 72 motion, we believe Taylor has demonstrated the extraordinary circumstances justifying exercise of our inherent power to grant equitable relief; in this case, that relief being the opportunity to appeal the denial of his petition for post-conviction relief. We therefore remand this case to the post-conviction court with

instructions to accept a notice of appeal from the denial of Taylor's petition for post-conviction relief within thirty days of this opinion being certified.

### Conclusion

Taylor demonstrated he was entitled to relief pursuant to his Trial Rule 72(E) motion, and pursuant to our inherent power to grant equitable relief, we remand to the post-conviction court to allow Taylor to file a notice of appeal from the denial of his petition for post-conviction relief.

Reversed and remanded.

RILEY, J., and BROWN, J., concur.