**Christopher HOVIS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A03–1101–CR–47.**

Court of Appeals of Indiana.

July 7, 2011.

Stephen T. Owens, Public Defender of Indiana, John A. England, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ellen M. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Christopher Hovis (Hovis), appeals the trial court's denial of his belated motion to correct error pursuant to Indiana Post–Conviction Rule 2(2).

We dismiss.

### ISSUES

Hovis raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion when it entered judgment of conviction on a count of assisting a criminal, a Class C felony.

The State raises one issue on cross-appeal, which we restate as follows: Whether Hovis' instant direct appeal constitutes a second direct appeal which must be dismissed.

### FACTS AND PROCEDURAL HISTORY

In August of 2002, Hovis, along with four other friends, became angry with Cheri Hartman (Hartman), a social acquaintance, over some comments she had made. They formulated a plan to strip Hartman of her clothing, drive her to a remote location, and force her to walk

home naked. After the group assaulted Hartman, removed her clothes, and took her to a deserted field, a member of the group fatally shot Hartman in the head. Hovis helped purchase gasoline, which they then poured over Hartman's dead body, and Hovis lit the gasoline on fire, burning Hartman's body. Hovis then drove the group to Michigan.

On August 26, 2002, the State filed an Information charging Hovis with murder, a felony; robbery, a Class A felony; confinement, a Class B felony; criminal gang activity, a Class D felony; abuse of a corpse, a Class D felony; assisting a criminal, a Class C felony; and carrying a handgun without a license, a Class C felony. The State also filed an habitual offender charge. On June 4, 2003, Hovis pled guilty to felony murder, an amended lesser offense of the Class D felony confinement, Class D felony criminal gang activity, Class D felony abuse of a corpse, Class C felony assisting a criminal, and Class C felony carrying a handgun without a license. The State dismissed the robbery charge and the habitual offender allegation. On October 16, 2003, Hovis filed a verified motion to withdraw his guilty plea. After a hearing, the trial court denied Hovis' motion.

On November 24, 2003, the trial court conducted a sentencing hearing and sentenced Hovis to sixty years for felony murder, one-and-a-half years for each of the three Class D felony convictions and four years on each of the Class C felony convictions, with all sentences to be served consecutively for an aggregate term of seventy-two and a half years. However, because the trial court determined that the crimes constituted a single episode of criminal conduct, the court ordered the aggregate sentence on the Class C and D felony convictions to be limited to a total

of ten years, thereby reducing Hovis' aggregate sentence to seventy years.

Hovis appealed. On appeal, he asserted that the trial court abused its discretion when it denied his motion to withdraw his guilty plea; Hovis did not challenge his sentence. In a memorandum opinion issued on July 20, 2004, we affirmed the trial court's decision. *See Hovis v. State*, 02A03–0401–CR–45, 813 N.E.2d 442 (Ind. Ct.App. July 20, 2004).

On October 13, 2010, Hovis filed a petition requesting permission to file a belated motion to correct error pursuant to Ind. Post–Conviction Rule 2(2). On October 18, 2010, the trial court granted Hovis' motion and authorized him to file a "Belated Motion to Correct Error pertaining to direct appeal of sentence for the offense of assisting a criminal." (Appellant's App. p. 57). On November 5, 2010, Hovis filed his belated motion to correct error to which the State responded on November 22, 2010. Once both parties had filed their motions, the trial court failed to set the matter for a hearing or rule on Hovis' motion. Therefore, by application of Indiana Trial Rule 53.3, Hovis' motion was deemed denied after forty-five days.

Hovis now appeals. Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

### CROSS–APPEAL

Because the State presents us with a threshold procedural question, we will address the issue raised on cross-appeal first, *i.e.*, whether Hovis' current appeal should be characterized as a prohibited, second direct appeal and should be dismissed. The State contends that as Hovis does not qualify as an "eligible defendant" pursuant to Indiana Post–Conviction Rule 2(2), he cannot be allowed to bring a second direct appeal. Alternatively, the State asserts

that the trial court abused its discretion by granting Hovis' request to file a belated motion to correct error as Hovis failed to show that he was without fault in the lateness to pursue this relief or had been diligent in pursuing this avenue of relief.

■ Indiana Post–Conviction Rule 2(2) provides that

[a]n eligible defendant convicted after trial or plea of guilty may petition the court of conviction for permission to file a belated motion to correct error addressing the conviction or sentence if:

(1) no timely and adequate motion to correct error was filed for the defendant;

(2) the failure to file a timely motion to correct error was not due to the fault of the defendant; and

(3) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule.

The same rule defines "eligible defendant" as "a defendant who, *but for the defendant's failure to do so timely, would have the right to challenge on direct appeal* a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." Ind. Post–Conviction Rule 2 (emphasis added). We agree with the State that Hovis is no longer an eligible defendant as defined under this Rule as Hovis already took and received a timely direct appeal following his guilty plea, in which he could have presented the perceived sentencing error.

■ However, Hovis responds that "because of the pleading and appellate limitations within I.C. § 35–35–1–4(b), [he] could not appeal his sentence in his first appeal under that statute." (Appellant's Reply Br. p. 2). Indiana Code section 35–35–1–4(b) provides, in pertinent part, that:

[a]fter entry of a plea of guilty, or guilty but mentally ill at the time of the crime, but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty or guilty but mentally ill at the time of the crime, for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty or guilty but mentally ill at the time of the crime made under this subsection shall be in writing and verified. The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. *The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion.* However, the court shall allow the defendant to withdraw his plea of guilty, or guilty but mentally ill at the time of the crime, whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

Reviewing the referenced statute, it is clear that the language relied upon by Hovis merely provides guidance to the court of appeals when called upon to review the trial court's decision on a defendant's motion to withdraw a plea. The language does not limit the possible issues a defendant can raise on appeal; it only clarifies how an appeals tribunal should analyze the trial court's decision. In fact, it is very common for a criminal defendant to raise multiple issues on direct appeal which all are evaluated by a different standard of review.

■ Additionally, Hovis asserts that "at the time of the guilty plea on June 4, 2003, it was unclear whether a sentence through a guilty plea should be challenged through the post-conviction relief process or through a direct appeal, and the matter was not resolved until November 9, 2004,

when our [s]upreme [c]ourt decided *Collins v. State,* 817 N.E.2d 230, 231–33 (Ind. 2004), in favor of the direct appeal route[.]" (Appellant's Reply Br. pp. 2–3). Again, we disagree. In 2002, this court decided *Taylor v. State,* 780 N.E.2d 430, 435 (Ind.Ct. App.2002), *trans. denied,* in which we held that a claim of sentencing error should be presented on direct appeal ("We conclude that Taylor has forfeited his claim of sentencing error by failing to present it upon direct appeal, when such could have been presented."). *Taylor,* in turn, relied on the supreme court opinion in *Bunch v. State,* 778 N.E.2d 1285, 1289 (Ind.2002), where the court held that "Bunch, by failing to present his claim [of sentencing error] upon direct appeal, is foreclosed from raising it in the post-conviction proceeding."

At the time of Hovis' guilty plea, existing case law supported a direct appeal of any perceived sentencing errors after a plea of guilty. Therefore, as we cannot allow Hovis to take a second, direct appeal, we dismiss his claim. Because we decide the case before us based on the cross-appeal, we do not need to address the issue Hovis raised in his appeal.

## CONCLUSION

Based on the foregoing, we dismiss Hovis' instant appeal.

Dismissed.

DARDEN, J., and BARNES, J., concur.