## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 04 2016, 7:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Dakevee Wiggins
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dakevee Wiggins,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

May 4, 2016

Court of Appeals Case No.
71A05-1512-PC-2169

Appeal from the St. Joseph
Superior Court

The Honorable Jerome Frese,
Judge

Trial Court Cause No.
71D03-1006-PC-34

**Baker, Judge.**

[1] Dakevee Wiggins appeals the denial of his motion for an extension of time to appeal the denial of his post-conviction relief petition. Finding no error, we affirm.

## Facts

[2] On April 3, 2009, a jury found Wiggins guilty of murder. On April 30, 2009, the trial court sentenced him to sixty-one years imprisonment. He appealed his conviction, and we affirmed the judgment of the trial court in a memorandum decision. *Wiggins v. State,* 71A03-0905-CR-222 (Ind. Ct. App. Dec. 17, 2009).

[3] On June 9, 2010, Wiggins, pro se, filed a petition for post-conviction relief, which the State answered on June 16, 2010. Wiggins then filed an amended petition for post-conviction relief on September 18, 2012. After Wiggins made several attempts to withdraw his petition, which were denied by the post-conviction court, the State filed its answer to the amended petition on December 18, 2013. On January 8, 2014, the post-conviction court denied Wiggins's post-conviction relief petition.

[4] On February 11, 2014, Wiggins filed a request for an extension of time to determine whether he would like to appeal. The post-conviction court denied this request on March 3, 2014, and deemed the request to be a notice of appeal. On August 24, 2015, Wiggins filed a second request for an extension of time— this also was denied by the post-conviction court. Wiggins now appeals this denial of his second request for an extension of time.

# Discussion and Decision

[5]    Wiggins's argument is based on Indiana Trial Rule 72(E), which reads as follows:

> Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When the service of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge . . . . Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

Wiggins argues that the Chronological Case Summary (CCS) does not explicitly indicate that he ever received the post-conviction court's January 8, 2014, order (the Order) denying his petition. Therefore, he argues, the post-conviction court abused its discretion by denying his motion for an extension of time to appeal the Order.

[6]    We review the determination of a post-conviction court on a motion for relief pursuant to Trial Rule 72(E) for an abuse of discretion. *Taylor v. State*, 939 N.E.2d 1132, 1136 (Ind. Ct. App. 2011). We consider whether the evidence could reasonably support the conclusion reached by the post-conviction court. *Id.*

[7]    We find several pieces of evidence indicating that Wiggins had actual knowledge of the Order. First, the Order itself indicates that it was served upon "Defendant-Petitioner." Appellant's App. p. 70.

[8]    Second, Wiggins filed a motion for an extension of time on February 11, 2014, in which he said, "I am asking the Court for a 45 days exten[sion] on my behalf. I would like to appeal my post conviction P.C. under Appellate Rule 9(A)." *Id.* at 71. This indicates that Wiggins had actual knowledge of the Order, as he was contemplating appealing that Order.

[9]    Third, when the post-conviction court decided to treat Wiggins's motion as a notice of appeal, that March 3, 2014 order stated the relevant background of the case, including the following: "1/8/14—This Court entered its Denial of Petitioner's P.C.R. Petition." *Id.* at 72. This order also indicates that it was served on Wiggins.

[10]   Finally, when Wiggins wrote his second request for an extension of time, he referred to all of these documents mentioned above.

[11]   Thus, the post-conviction court had a wealth of evidence showing that Wiggins had actual knowledge of the Order. The post-conviction court did not abuse its discretion in denying his second motion for an extension of time, which he wrote seventeen and a half months after the post-conviction court denied his first motion for an extension of time.

[12] The judgment of the post-conviction court is affirmed.

May, J., and Brown, J., concur.