## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 31 2017, 9:52 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rachele L. Cummins
Smith Carpenter Fondrisi &
Cummins, LLC
Jeffersonville, Indiana

ATTORNEY FOR APPELLEE

Brittany Blau
Brittany Blau Law
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Paternity of: T.D.,

A Minor Child:

Sara K. Drake,

*Appellant-Petitioner,*

   v.

Charles C. DeLangis,

*Appellee-Respondent.*

May 31, 2017

Court of Appeals Case No.
10A01-1612-JP-2929

Appeal from the Clark Circuit
Court

The Honorable Vicki Carmichael,
Judge

Trial Court Cause No.
10C04-1101-JP-7

**Bailey, Judge.**

# Case Summary

S.D. ("Mother") and C.D. ("Father") are the parents of T.D. ("Child"). Father sought Trial Rule 60(B) relief from a child support order, and the trial court entered an order granting Father relief and reducing the amount Father owed in arrearage. Following entry of the trial court's order, Mother failed to timely file a motion to correct error or notice of appeal. Mother later filed a Trial Rule 72 motion requesting that the trial court re-set her deadline to make such filings. The trial court denied Mother's motion. Mother then filed a motion to correct error, which the trial court denied. Mother now appeals.

We affirm.

# Issues

Mother presents two issues for our review:

    I.    Whether the trial court abused its discretion in denying Mother's motion to correct error.

    II.    Whether this Court should consider a belated challenge to the order modifying Father's support obligation.

# Facts and Procedural History

Child was born in 2007, and on January 24, 2011, Mother filed a petition to establish child support. Father was not represented and failed to personally attend the hearing on Mother's petition. On March 15, 2011, the trial court

entered an order requiring that Father pay child support, including an amount in arrearage.

[5] Father obtained counsel and on March 13, 2015, filed a petition to modify the child support order. On March 20, 2015, Father filed a separate petition to modify the arrearage. On June 9, 2016, the trial court held a pre-trial conference at which it requested briefing concerning Father's request to modify the arrearage.[1] The parties then briefed the issue, with Father arguing that he was entitled to Trial Rule 60(B) relief.

[6] On August 22, 2016, the trial court entered an order granting Father relief and modifying the arrearage. The Chronological Case Summary ("CCS") contains an August 22, 2016 entry concerning the trial court's order, and the CCS also contains the following entry dated August 23, 2016:

> Automated ENotice Issued to Parties
>
> Sent To:    Attorney Cummins, Rachele Leigh [Mother's counsel]; Attorney Blau, Brittany Anne-Katherine [Father's counsel][.]

Appellant's App. Vol. II at 7.

---

[1] A transcript of the trial court proceedings has not been provided on appeal, but Father does not dispute this aspect of Mother's Statement of the Facts.

[7] On October 18, 2016, Mother filed a Trial Rule 72 motion requesting that the trial court set a new deadline to file either a motion to correct error or a notice of appeal. In her motion, Mother alleged that counsel had not received electronic notification of the trial court's order. Mother attached two affidavits to her motion, and further alleged that counsel became aware of the order on October 6, 2016 by contacting the court. Father opposed Mother's motion.

[8] On October 24, 2016, the trial court denied Mother's motion. Mother then filed a motion to correct error, which was denied. This appeal ensued.

# Discussion and Decision

## Denial of Motion to Correct Error

[9] Mother contends that the trial court abused its discretion when it denied her motion to correct error, a motion following the denial of her initial motion to set a new deadline to challenge the trial court's order concerning arrearage. We "review a trial court's ruling on a motion to correct error for an abuse of discretion." *Santelli v. Rahmatullah*, 993 N.E.2d 167, 173 (Ind. 2013). An abuse of discretion occurs when the trial court's decision "is clearly against the logic and effect of the facts and circumstances before it or when the trial court errs on a matter of law." *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013).

[10] Mother argues that the trial court abused its discretion in denying her motion to correct error because, she contends, Indiana Trial Rule 72(E) supported granting her initial motion. This trial rule provides, in pertinent part:

> When the service of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the [CCS], the Court, upon application for good cause shown, *may* grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by court personnel.

Ind. Trial Rule 72(E) (emphasis added). Our supreme court has explained that this provision was added "to provide essentially that counsel could rely on the clerk's office to send notice and if such notice was not received, to provide an avenue through which to challenge the mailing of the notice." *Markle v. Indiana State Teachers Ass'n*, 514 N.E.2d 612, 614 (Ind. 1987). This rule applies "where the CCS does not contain evidence that a copy of the court's order was sent to each party." *Taylor v. State*, 939 N.E.2d 1132, 1136 (Ind. Ct. App. 2011).

[11] Here, the CCS contained evidence that Mother received electronic notice of the trial court's order. Moreover, in opposing Mother's motion, Father attached a copy of a notification that Father's counsel received through e-mail on August 23, 2016. That notification included the case number, stated "Order Approving – ORDER ON CHILD SUPPORT ARREARS," and included a link to view the trial court document. Appellant's App. Vol. II at 105. Mother points out that Clark County was in the process of transitioning to mandatory e-filing at the time of the trial court's order, with voluntary e-filing having commenced on January 19, 2016 and mandatory e-filing to begin on September 1, 2016.

[12] Mother argues that the trial court should have granted her motion to correct error because the trial court ought to have granted her Trial Rule 72(E) motion. In arguing that her motion should have been granted, Mother directs us to *Lake Holiday Conservancy v. Davison*, but in that case there was "no notation in the trial court's [CCS] indicating that a copy of the . . . ruling was mailed" and so we concluded the trial court did not abuse its discretion in extending a deadline under the rule. 808 N.E.2d 119, 121 (Ind. Ct. App. 2004). Mother also directs us to *Taylor*. There, the trial court denied a Rule 72(E) motion when a *pro se* petitioner for post-conviction relief claimed that he had not received an order denying his petition. We concluded that the trial court abused its discretion in denying the petitioner's Trial Rule 72 motion, observing that although the CCS stated that notice was mailed to the petitioner, the CCS did "not reflect at which address notice was made, and . . . further reflects that after the post-conviction court undeniably had notice of [the petitioner's] new address, it still mailed an order to him at his previous address." *Taylor*, 939 N.E.2d at 1136. The record, we concluded, was sufficiently ambiguous to warrant relief. *See id.* Moreover, in resolving other aspects of *Taylor*, we observed that the CCS was "riddled with inaccuracies and contradictions and d[id] not match the pleadings and orders in the record," noting that "what transpired after [the petitioner] filed his petition . . . [was] confusing even to us." *Id.* at 1137. *Taylor* is inapposite here, where the CCS revealed no mistake of court or inconsistency.

[13] Mother acknowledges that "counsel [has] a general duty to regularly check the court records and monitor the progress of pending cases" but points out that

counsel is "entitled to rely upon notification by the clerk pursuant to" Trial Rule 72(D). *Slay v. Marion Cty. Sheriff's Dep't.*, 603 N.E.2d 877 (Ind. Ct. App. 1992). Notably, though, the CCS here indicates that Mother was notified. Moreover, in contrast to the unique facts and circumstances posed in *Taylor* concerning the *pro se* litigant, it is apparent that Mother's counsel had not checked the docket from—at a minimum—August 23, 2016 through October 6, 2016, which is a period of forty-four days. Further, as of August 23, 2016, it had been thirty-nine days since the last brief was filed concerning the motion, and so a ruling on the motion was impending. Under these circumstances, we cannot say that the trial court abused its discretion in declining to grant permissive relief under Trial Rule 72(E), thus the trial court did not abuse its discretion in denying Mother's subsequent motion to correct error.

## Belated Appeal

[14] Mother asks that we consider her belated challenge to the trial court's order that reduced the amount of child support in arrearage. Under Indiana Appellate Rule 9(A), Mother has forfeited her right to appeal that order because she did not timely file a notice of appeal. Forfeiture notwithstanding, under Appellate Rule 1, we may "permit deviation" from the rules "upon the motion of a party or the Court's own motion."[2]

---

[2] We note that Mother has presented argument in her brief but has not tendered a motion to this Court.

In determining whether to waive Appellate Rule 9 and consider a belated appeal, "the question is whether there are extraordinarily compelling reasons why this forfeited right should be restored." *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). Our supreme court has found compelling reasons where a parent sought to challenge a judgment granting the adoption of his child without consent. *See id.* at 972 (noting the fundamental liberty interest at stake). Here, however, Mother has not persuaded us that the facts and circumstances are so extraordinarily compelling as to warrant restoration of her forfeited appeal. We accordingly decline Mother's request to waive Appellate Rule 9.

# Conclusion

The trial court did not abuse its discretion when it denied Mother's motion to correct error, and we elect not to restore Mother's forfeited right to appeal.

Affirmed.

Mathias, J., and Altice, J., concur.