## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 22 2018, 9:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Lakesha L. Norington
Westville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lakesha L. Norington (aka) Shawntrell H. Norington, *Appellant-Petitioner*, v. State of Indiana, *Appellee-Respondent*. | May 22, 2018 |
| | Court of Appeals Case No. 49A05-1707-PC-1966 |
| | Appeal from the Marion Superior Court |
| | The Honorable Grant W. Hawkins, Judge |
| | Trial Court Cause Nos. 49G05-0309-PC-155245 49G05-0307-FB-111827 |

**Brown, Judge.**

[1] Lakesha Norington appeals the post-conviction court's denial of her petition for post-conviction relief. She raises one issue which we revise and restate as whether the post-conviction court erred in denying her petition. We affirm.

## Facts and Procedural History

[2] On April 21, 2004, pursuant to a plea agreement, Norington agreed to plead guilty to robbery in cause number 49G05-0307-FB-111827 ("Cause No. 111827") and to burglary as a class C felony and voluntary manslaughter in cause number 49G05-0309-MR-155245 ("Cause No. 155245"). *Norington v. State*, No. 49A04-0702-CR-112, slip op. at 3 (Ind. Ct. App. September 10, 2007). At a May 12, 2004 sentencing hearing, the trial court sentenced Norington to twelve years for robbery, eight years for burglary, and forty years for voluntary manslaughter to be served consecutively. *Id.* at 3-4.

[3] In her direct appeal, Norington argued that the trial court abused its discretion in considering elements of the crimes of robbery and manslaughter as aggravators in sentencing her to aggravated consecutive terms, and this Court affirmed. *Id.* at 2, 5.

[4] On February 7, 2005, Norington filed a *pro se* petition for post-conviction relief.[1] On March 25, 2009, the post-conviction court issued a fifteen-page order indicating that it held an evidentiary hearing on July 30, 2008, and denying

---

[1] The petition states: "Case No. 03-111827." Appellant's Appendix Volume 2 at 53. Under the "03-111827," the form states: "(To be supplied by the clerk of the court)." *Id.*

Norington's petition for post-conviction relief.[2]  Norington did not appeal the court's March 25, 2009 order.

[5] On July 10, 2017, Norington filed a "Petition to File Belated Motion to Correct Error."  Appellant's Appendix Volume 5 at 8.  In her petition, Norington mentioned Post-Conviction Rule 2, her February 7, 2005 petition for post-conviction relief, and that she had been in segregation since December 29, 2010, without "adequate legal assistances from person(s) trained in criminal law that could have allowed [her] to file a motion to correct error sooner of [her] own accord."  Appellant's Appendix Volume 5 at 9.  She asserted that she was seized in violation of the Fourth Amendment due to an illegal search.  She alleged that she submitted a "P.C.R. 2 Petition again incorporating both above cause numbers" on May 25, 2016.  *Id.* at 10.  She stated that no timely and adequate motion to correct error was filed for her by any state appointed counsel and that the failure to file such a motion was not due to her fault but due to the fault of State representatives.  She stated that she had presented twelve grounds for relief and the court had refused to address them on their merits under Ind. Post-Conviction Rule 1(6).

[6] On July 13, 2017, the post-conviction court denied Norington's petition.[3] Entries in the chronological case summaries for Cause Nos. 111827 and 155245

---

[2] The court's March 25, 2009 order lists both Cause No. 155245 and Cause No. 111827.

[3] The record does not contain a copy of the court's July 13, 2017 order.

dated July 13, 2017, state that Norington must seek permission from the Indiana Court of Appeals to file a successive petition for post-conviction relief.

Discussion

[7] The issue is whether the post-conviction court erred in denying Norington's petition. Norington appears to argue that the post-conviction court denied her petition without any rationale, her conviction was obtained in violation of her constitutional rights, and the "trial court did not adequately review the Petition, its arguments, its supporting legal authorities to then determine if there are grounds for allowing the filing of belated motion to correct error." Appellant's Brief at 13.

[8] The State argues that the post-conviction court was within its discretion in denying Norington's petition because it correctly recognized it as an unauthorized successive petition for post-conviction relief. It argues that Norington's Petition to File a Belated Motion to Correct error has no relationship to her direct appeal and she is not an eligible defendant under Ind. Post-Conviction Rule 2(2).

[9] Ind. Post-Conviction Rule 2(2) is titled "Belated Motion to Correct Error" and provides in part:

> An eligible defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a belated motion to correct error addressing the conviction or sentence, if:
>
> > (1) no timely and adequate motion to correct error was filed for the defendant;

(2) the failure to file a timely motion to correct error was not due to the fault of the defendant; and

(3) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule.

An "eligible defendant" is defined in Rule 2 as "a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." Norington has already brought a direct appeal, and this Court affirmed. Accordingly, we cannot say that Norington is an eligible defendant for purposes of Ind. Post-Conviction Rule 2. *See Hovis v. State*, 952 N.E.2d 231, 234 (Ind. Ct. App. 2011) ("We agree with the State that [the defendant] is no longer an eligible defendant as defined under [Ind. Post-Conviction Rule 2] as [the defendant] already took and received a timely direct appeal following his guilty plea, in which he could have presented the perceived sentencing error."), *trans. denied*.

[10] To the extent Norington's petition to file a belated motion to correct error relates to the denial of her original petition for post-conviction relief, reversal is not warranted. The post-conviction court's March 25, 2009 order denying Norington's petition constitutes a final judgment. *See* Post-Conviction Rule 1(6) ("The court shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held. . . . This order is a final judgment."). "An appeal may be taken by the petitioner or the State from the

final judgment in this proceeding, under rules applicable to civil actions." Ind. Post-Conviction Rule 1(7).

[11] Ind. Trial Rule 59(C) and Ind. Appellate Rule 9(A)(1) required Norington to either file a motion to correct error or a notice of appeal within thirty days of the court's March 25, 2009 order. However, Norington did not do so. Ind. Appellate Rule 9(A)(5) provides that "[u]nless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by [Post-Conviction Rule 2]," which is not applicable in the present case. *See Greer v. State*, 685 N.E.2d 700, 702 (Ind. 1997) (holding that Post-Conviction Rule 2 was a vehicle for belated direct appeals alone and "provides a method for seeking permission for belated consideration of appeals addressing conviction, but does not permit belated consideration of appeals of other post-judgment petitions"); *Taylor v. State*, 939 N.E.2d 1132, 1135 (Ind. Ct. App. 2011) (holding that the petitioner could not use Post-Conviction Rule 2(1) "as a vehicle for filing a belated notice of appeal from his post-conviction relief proceeding"). Accordingly, we cannot say that the court erred in denying Norington's motion. *See Strowmatt v. State*, 779 N.E.2d 971, 975 (Ind. Ct. App. 2002) (holding that the petitioner forfeited his right to appeal the denial of his petition of post-conviction relief where the notice of appeal was not filed within thirty days of the denial); *Sceifers v. State*, 663 N.E.2d 1191, 1192-1193 (Ind. Ct. App. 1996) (holding that Post-Conviction Rule 2 applies only to matters on direct appeal and that the trial court properly denied a petition to file a belated motion to correct error), *trans. denied*, *cert. denied*, 519 U.S. 895, 117 S. Ct. 239 (1996).

To the extent Norington's motion constitutes a petition for post-conviction relief, we observe that Norington previously filed a petition for post-conviction relief, which was unsuccessful. Under Ind. Post-Conviction Rule 1(12), a petitioner must file, with the Clerk of the Indiana Supreme Court and Indiana Court of Appeals, a petition seeking permission to file a successive post-conviction petition as well as a proposed successive petition for post-conviction relief. *See* Ind. Post-Conviction Rule 1(12)(a). If a petitioner establishes a "reasonable possibility that [he] is entitled to postconviction relief," this Court will authorize the filing of the successive post-conviction petition, which is then filed in the court where the petitioner's first post-conviction relief petition was adjudicated. Ind. Post-Conviction Rule 1(12)(b), (c). Norington was required to request permission to file a second, or successive, petition for post-conviction relief, but she did not follow the proper procedure for filing a successive petition.

## Conclusion

For the foregoing reasons, we affirm the post-conviction court's order.

Affirmed.

Bailey, J., and Crone, J., concur.