## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 23 2018, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Lionel Gibson
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lionel Gibson,
*Appellant-Defendant*,

v.

State of Indiana,
*Appellee-Plaintiff*.

July 23, 2018

Court of Appeals Case No.
18A-CR-59

Appeal from the Lake Superior Court

The Honorable Diane Ross Boswell, Judge

The Honorable Kathleen A. Sullivan, Magistrate

Trial Court Cause No.
45G03-9703-CF-43

**Brown, Judge.**

[1] Lionel Gibson appeals the denial of his motion for relief under Trial Rule 72. We affirm.

## *Facts and Procedural History*

[2] In November 1998, a jury found Gibson guilty of murder, murder in preparation of robbery, and attempted murder. In January 1999, the court entered judgment on the murder and attempted murder counts and sentenced Gibson to fifty years for his murder conviction and forty years for his attempted murder conviction to be served consecutively. In February 2000, this court affirmed his convictions.

[3] Gibson initially filed a petition for post-conviction relief in 2001 and, after withdrawing the petition in 2002, re-filed it in April 2006. On April 10, 2007, the court held a post-conviction hearing, on August 6, 2008, it denied Gibson's petition for post-conviction relief.[1] On September 17, 2008, Gibson filed a notice of appeal which was denied as untimely.[2]

[4] On December 10, 2015, Gibson filed a motion to correct erroneous sentence and memorandum in support of the motion. On December 14, 2015, the court entered an order which denied the motion and stated: "The motion is denied as res judicata. The sentencing issues were addressed in the defendant's petition

---

[1] The appellant's appendix does not contain a copy of this order.

[2] Gibson states that he placed the notice of appeal in the prison mailbox system on September 12, 2008. In his December 15, 2017 memorandum in support of his motion for relief pursuant to Trial Rule 72(E), he stated that he received notice that his petition for post-conviction relief was denied on August 19, 2008.

for post-conviction relief.  The defendant failed to timely appeal the Court's ruling.  The defendant cannot circumvent his failure to timely appeal by filing this pleading."  Appellant's Appendix Volume 2 at 42.  On January 7, 2016, the court entered an order stating that Gibson had offered a notice of appeal on January 4, 2016, which was "refused for filing for the reason that is not the proper forum."  *Id*. at 43.  On January 20, 2016, the court entered an order stating that Gibson offered a notice of appeal on January 15, 2016, which was refused for filing and noted that a notice of appeal must be filed with the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court ("Appellate Clerk").  On February 2, 2016, Gibson filed a notice of appeal with the Appellate Clerk under cause number 45A03-1602-CR-232 ("Cause No. 232") stating that he wished to appeal the trial court's December 14, 2015 order.  On May 26, 2016, this Court entered an order dismissing the appeal with prejudice.  This Court denied rehearing, and the Indiana Supreme Court denied transfer.

[5]     On December 15, 2017, Gibson filed a Motion for Relief Pursuant to Indiana Trial Rule 72(E) and a memorandum in support of the motion.  He argued that the court denied his petition for post-conviction relief on August 6, 2008, without addressing the issues of his illegal sentence.  He stated that notice of the August 6, 2008 order was sent to the Wabash Valley Correctional Facility and that he was housed at the Indiana State Prison and was stabbed there on October 1, 2008.  He also argued that, when he filed his appeal from the court's December 14, 2015 denial of his motion to correct erroneous sentence, he filed it with the trial court and that the prison where he was housed provided only

the 2005 version of the Indiana Rules.[3] He stated that he "became frustrated and conceded to the denial of his right to appeal." Appellant's Appendix Volume 2 at 19. He also argued that he was attacked by two offenders on January 11, 2016, and was held in segregation from January 12 to January 28, 2016.

[6] On December 19, 2017, the court entered an order denying Gibson's Motion for Relief Pursuant to Indiana Trial Rule 72(E). The order stated the court "cannot accept belated appeals, other than belated direct appeals pursuant to Indiana Rule PC2, regardless of the reasons for delay." *Id*. at 15. Gibson appeals the trial court's December 19, 2017 order.

### *Discussion*

[7] Gibson claims the trial court erred in entering its December 19, 2017 order denying his Motion for Relief Pursuant to Indiana Trial Rule 72(E). He argues he has been deprived of the right to appeal the August 6, 2008 denial of his petition for post-conviction relief and the December 14, 2015 denial of his motion to correct erroneous sentence and, in support of his argument, cites *Taylor v. State*, 939 N.E.2d 1132 (Ind. Ct. App. 2011). Gibson states that he was transferred to the Indiana State Prison between May 16 and August 6, 2008.

---

[3] The Indiana Supreme Court entered an order on September 20, 2011 amending the Indiana Rules of Appellate Procedure, effective January 1, 2012, to provide that a party initiates an appeal by filing a notice of appeal with the Appellate Clerk. *See* Order Amending Indiana Rules of Appellate Procedure, 94S00-1101-MS-17 (Sep. 20, 2011). Prior to the order a party initiated an appeal by filing a notice of appeal with the trial court clerk. *See id*.

He states he was stabbed in an altercation in prison on October 1, 2008, and was assaulted by offenders on January 11, 2016 and held in segregation until January 28, 2016. He argues that the prison provided only outdated rules and thus he filed his notice of appeal from the court's December 14, 2015 order with the trial court.

[8] The State asserts the December 19, 2017 order denying Gibson's motion under Trial Rule 72 is not a final judgment, the appeal was permitted in *Taylor* pursuant to the court's inherent power to grant equitable relief and not as a right, and this case should be dismissed. The State further argues that *Taylor* may not be applicable in this case as trial court clerks no longer have the authority to accept notices of appeal and notices of appeal are now filed with the Appellate Clerk. It argues that, even if *Taylor* is applicable, the record shows that, unlike the defendant in *Taylor*, Gibson was served with the 2008 and 2015 orders which he now wishes to belatedly challenge; that Gibson acknowledges that he received the 2008 order before the expiration of the deadline for filing an appeal; that, while Gibson alleges he was stabbed in 2008, the stabbing occurred after the deadline for filing an appeal of the 2008 order; and that, with respect to the 2015 order, ignorance of the law is not a defense. It also argues that, moreover, there is no merit to Gibson's underlying claim as there were two victims of Gibson's crimes which support consecutive sentencing.

[9] Even assuming Gibson may appeal the court's order denying his motion under Trial Rule 72(E), we conclude that reversal is not warranted. Trial Rule 72(E) provides:

> Effect of Lack of Notice. Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When the service of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

[10] In *Taylor*, the Court found that Rule 72(E) was applicable "where the CCS does not contain evidence that a copy of the court's order was sent to each party." 939 N.E.2d at 1136. We observed that Taylor had alleged he notified the post-conviction court of his new address prior to the mailing of the order denying his petition for post-conviction relief and, although the CCS did not affirmatively show that a notice of change of address was received by the court, it did reflect that correspondence was received by the court on or about the date Taylor alleged. *Id*. We further observed that, although the CCS reflected that notice of the order denying the petition for post-conviction relief was mailed to Taylor, it did not reflect at which address notice was made and that the CCS further

reflected that, after the post-conviction court undeniably had notice of Taylor's new address, it still mailed an order to him at his previous address. *Id*. We held that, given the record, the trial court abused its discretion in denying Taylor relief under Trial Rule 72(E). *Id*. at 1136-1137.

[11] In this case, unlike in *Taylor*, the CCS shows that copies of the August 6, 2008 and December 14, 2015 orders were sent to Gibson. With respect to the August 6, 2008 order denying Gibson's petition for post-conviction relief, the CCS indicates that the order was "forwarded to [Gibson] @ Wabash Valley Correctional." Appellant's Appendix Volume 2 at 5. While he states he had been transferred to the Indiana State Prison, we observe that Gibson stated in his December 15, 2017 memorandum in support of his motion for relief pursuant to Trial Rule 72 that "[o]n August 19, 2008 [he] received notice" of the denial of his petition for post-conviction relief, *id*. at 25, and states in his appellant's brief that "the order was re-routed from Wabash Valley to [him] at the Indiana State Prison . . . and received by [him] 13 days after the order was made,"[4] Appellant's Brief at 11, indicating that Gibson received the court's order well before the expiration of the time period in which to file an appeal. Further, Gibson states that he was stabbed on October 1, 2008, which was after the expiration of the deadline to appeal the August 6, 2008 order.

---

[4] The appellant's appendix contains an "Acknowledgment of Legal Mail Receipt" dated August 19, 2008, indicating that Gibson received mail at the Indiana State Prison from the clerk of the Lake Superior Court.

[12] As for the December 14, 2015 order denying his motion to correct erroneous sentence, the CCS shows that a copy of the order was sent to Gibson at New Castle Correctional Facility. The record reflects that the court entered an order dated January 7, 2016, refusing Gibson's notice of appeal for filing in the improper forum and that the order was forwarded to Gibson. He did not timely file a notice of appeal with the Appellate Clerk, and this Court dismissed the appeal initiated under Cause No. 232. *See Gibson v. State*, No. 45A03-1602-CR-232 (Ind. Ct. App. June 26, 2016), *reh'g denied*, *trans. denied*. The trial court did not err or abuse its discretion in denying Gibson's motion under Trial Rule 72(E).

[13] We further note that, to the extent Gibson challenges the imposition of consecutive sentences and his crimes related to two victims, the Indiana Supreme Court has held that "[c]onsecutive sentences reflect the significance of multiple victims." *Pittman v. State*, 885 N.E.2d 1246, 1259 (Ind. 2008) (citing *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001)).

## *Conclusion*

[14] For the foregoing reasons, we affirm the trial court's ruling.

[15] Affirmed.

Bailey, J., and Crone, J., concur.